# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS AND GRACIELA CARDENAS,** *

Plaintiffs, *

v. * No. 07-350T

**THE UNITED STATES,** * (Filed Jan. 14, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**RIO VISTA CORPORATION, JUAN CARDENAS AND GRACIELA CARDENAS,** *

Plaintiffs, *

v. * No. 07-351T

**THE UNITED STATES,** *

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

On June 4, 2007, plaintiffs filed Complaint No. 07-350T on behalf of plaintiff J. Cardenas & Sons Farming, Inc, and Complaint No. 07-351T naming Rio Vista Corporation as the sole plaintiff. Both complaints sought a refund/abatement of penalties for employment taxes assessed pursuant to 26 U.S.C. ("I.R.C.") § 6672 (2000), which imposes liability on "responsible person[s]" for failure to pay taxes on behalf of a corporate employer.

On November 7, 2007, plaintiffs filed an Amended Complaint in each of the above actions that added the individual plaintiffs. These amended complaints are identical except insofar as paragraph 10 of the Complaint in No. 07-350T names J. Cardenas & Sons Farming, Inc., while paragraph 10 in No. 07-351T names Rio Vista Corporation.

I.R.C. § 6672(a) provides, in pertinent part:

> **(a) General rule**
>
> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties pro vided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II or subchapter A of chapter 68 for any offense to which this section is applicable.

Defendant moved in each action on November 30, 2007, for a more definite statement pursuant to RCFC 12(e), contending that the individual plaintiffs had failed to plead information that the Rules of the United States Court of Federal Claims mandates for a sufficient complaint: (1) the amount, date, and place of each payment to be refined to Juan and Graciela Cardenas; (2) the tax periods for which Juan and Gracila Cardenas seek a refund; and (3) the date and place where Juan and Graciela Cardenas filed refund claims. Defendant also cited the amended complaints as deficient for not appending to each a copy of Juan and Graciela Cardenas' claim to the Internal Revenue Service for refund.

Rule 9(h)(6) requires, in pertinent part:

> (6) Tax Refund Suits. In any action for refund of federal tax, for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refund; the date and place of the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; the date and place the claim for refund was filed; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund shall be annexed to the complaint.

As asserted in defendant's reply briefs, plaintiffs' oppositions to the motions for more definite statement filed on December 14, 2007, do not set forth any argument or authority that obviates the requirement for setting forth the information called for by Rule 9(h)(6) with respect to the individual plaintiffs. Defendant concedes that plaintiffs have submitted some relevant documentation, but argues that, as a matter of law, it does not pertain to the claims of the individual plaintiffs. Defendant is correct, and plaintiffs' counsel should review carefully defendant's reply briefs filed on January 11, 2008, for a tutorial.

RCFC 42(a) provides, in full:

> (a) **Consolidation**. When actions involving a common question of law or fact are pending before the court; it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

As these two cases share common questions of law, and the pleadings and other filings to date have been duplicative, the court orders that they be consolidated with respect to all future filings. If plaintiffs are seeking refunds based on employment taxes relating to two corporations, separate determinations of liability and the amount of any refund will be entered. Accordingly,

**IT IS ORDERED,** as follows:

1. Defendant's motions are granted, and plaintiffs shall file by January 31, 2008, in this consolidated action one second amended complaint setting forth the individuals' separate claims that involve employment taxes relating to the two corporate plaintiffs. The second amended complaint shall include the information and documents listed above that are required by RCFC 9(h)(6). Failure to comply with this order will result in a dismissal for failure to comply with Rule 9(h)(6) and RCFC 41(b)(1) (failure to comply with an order of the court).

2. These actions are consolidated for all future proceedings based on the above findings required by RCFC 42(a).

s/ Christine O.C. Miller

________________________________

**Christine Odell Cook Miller**
Judge