MARTIN A. SCHAINBAUM, Esq.
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
J. Cardenas & Sons Farming, Inc.
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-350 T<br><br>**SECOND AMENDED COMPLAINT** |
| RIO VISTA CORPORATION, JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-351 T<br><br>**SECOND AMENDED COMPLAINT** |

**SECOND AMENDED COMPLAINT**

1. On or about June 1, 2007, two complaints were filed on behalf of Rio Vista Corporation and J. Cardenas & Sons Farming, Inc. Thereafter, on November 7, 2007, First Amended Complaints were filed to include the individuals, Juan Cardenas and Graciela Cardenas. Pursuant to court order of January 14, 2008, the actions were consolidated, and a Second Amended Complaint was ordered to be filed on or before January 31, 2008. Pursuant to that Order Plaintiffs file this Second Amended Complaint, and allege as follows:

**Count I—J. Cardenas & Sons Farming, Inc.**

2. Plaintiff J. Cardenas & Sons Farming, Inc. has its principal place of business at 935 Faith Place, Nipomo, California 93444. Plaintiff J. Cardenas & Sons Farming, Inc.'s Employer Identification Number is 77-0121198;

3. Defendant is the United States of America;

4. This suit arises under the Internal Revenue Laws of the United States (Chapter 26 of the United States Code) for the refund/abatement of taxes assessed against and paid by Plaintiff J. Cardenas & Sons Farming, Inc. involving Form 943 employment taxes for the following tax periods ending on the following dates: December 31, 1993, December 31, 1995, December 31, 1998, December 31, 2000;

5. Jurisdiction is conferred upon this Court by 26 U.S.C. §§ 6532 and 7422, and 28 U.S.C. § 1346;

6. Plaintiff J. Cardenas & Sons Farming, Inc. have made payment to Defendant's Internal Revenue Service as follows:

| Tax period Ending | Payment Amount | Payment Date | Place |
|---|---|---|---|
| December 31, 1993 | $8,000 | May, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 1995 | $8,000 | May, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 1998 | $8,000 | May, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 2000 | $16,000 | April-May, 2006 | IRS Fresno, CA Service/Campus Center |

Further, Plaintiff J. Cardenas & Sons Farming, Inc. has made, and continues to make, monthly payments under protest pursuant to a payment plan agreement entered into with Defendant's Internal Revenue Service. To date payments made under protest, since August 2004, pursuant to the payment plan, total at least $332,000, which total amount has not been properly recorded and credited to Plaintiff's account by Defendant's Internal Revenue Service[*]

7. The aforementioned payments were erroneously paid to Defendant's Internal Revenue Service due to the fact there is no tax liability in excess of the payments previously paid by Plaintiff J. Cardenas & Sons Farming, Inc. in due course as required by law. Nevertheless, Defendant's Internal Revenue Service erroneously asserted additional tax penalty and interest liabilities in the amount of $746,665, which either have been or should be abated or otherwise satisfied. Consequently, Plaintiff J. Cardenas & Sons Farming, Inc. is entitled to refunds of the amounts paid and identified below as having been paid under protest for taxes not due and owing.

[*] Payments have been made jointly on behalf of Plaintiff J. Cardenas & Sons Farming, Inc. and Plaintiff Rio Vista Corporation, which is the subject of count 2 below. It is unknown how the Defendant's Internal Revenue Service has allocated the payments between the two taxpayers.

8. On or about September 10, 2006, Plaintiff submitted Forms 843, Claim for Refund and Request for Abatement, copies of which are attached as Exhibits A through D, and incorporated by reference herein, claiming refund of the following amounts:

| Exhibit | Tax period Ending | Refund Claim Amount | Date | Place |
|---|---|---|---|---|
| Exhibit A. | December 31, 1993 | $909.70 | September 10, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit B. | December 31, 1995 | $4,857.50 | September 10, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit C | December 31, 1998 | $708.58 | September 10, 2006 | IRS Fresno, CA Service/Campus Center |
| ExhibitD | December 31, 2000 | $3,050.34 | September 10, 2006 | IRS Fresno, CA Service/Campus Center |

9. To date, Plaintiff J. Cardenas & Sons Farming, Inc. has not received any refund payment for the aforementioned erroneously assessed and paid taxes. A period of fourteen months has elapsed since the date of filing the claims for refund;

10. As ground for recovery, Plaintiff incorporates by this reference as though fully set forth herein, each and every allegation, statement and ground contained in Exhibits A through D, the respective claims for refund;

11. Plaintiff J. Cardenas & Sons Farming, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1993, and is entitled to recover from Defendant the claimed refund amount of $909.70, or such greater or other amount, together with interest as allowed by law;

12. Plaintiff J. Cardenas & Sons Farming, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1995, and is entitled to

recover from Defendant the claimed refund amount of $4,857.50, or such greater or other amount, together with interest, as allowed by law;

13. Plaintiff J. Cardenas & Sons Farming, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1998, and is entitled to recover from Defendant the claimed refund amount of $708.58, or such greater or other amount, together with interest, as allowed by law;

14. Plaintiff J. Cardenas & Sons Farming, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 2000, and is entitled to recover from Defendant the claimed refund amount of $3,050.34, or such greater or other amount, together with interest, as allowed by law;

15. Plaintiff J. Cardenas & Sons Farming, Inc.'s payments to Defendant's Internal Revenue Service at least in the amount of $332,000, since August 2004, made under protest pursuant to a payment plan, constitute overpayments, and Plaintiff J. Cardenas & Sons Farming, Inc. is entitled to recover, as set forth in the aforementioned claims represented by Exhibits A-D, from Defendant the amount of $9,526.12, or such greater or other amount, together with interest, as allowed by law;

16. Plaintiff J. Cardenas & Sons Farming, Inc. allege that Defendant has taken an unjustified, arbitrary and erroneous position with respect to the failure of Defendant's Internal Revenue Service to record and allow proper credit to Plaintiff J. Cardenas & Sons Farming, Inc. for its tax payments, which payments have resulted in overpayment of the taxes paid and described herein, sought to be refunded;

17. Plaintiff J. Cardenas & Sons Farming, Inc. is the sole owner of its claims against Defendant and has made no assignment of said claims.

**Count II—Rio Vista Corporation**

18. Plaintiff Rio Vista Corporation has its principal place of business at 935 Faith Place, Nipomo, California 93444. Plaintiff Rio Vista Corporation's Employer Identification Number is 77-0332175.

19. Defendant is the United States of America;

20. This suit arises under the Internal Revenue Laws of the United States (Chapter 26 of the United States Code) for the refund/abatement of taxes assessed against and paid by the Plaintiffs involving Form 943 employment taxes for the following tax periods ending: December 31, 1993, December 31, 1996, December 31, 1997, December 31, 1999, December 31, 2001, December 31, 2002, and December 31, 2003.

21. Jurisdiction is conferred upon this Court by 26 U.S.C. §§ 6532 and 7422, and 28 U.S.C. § 1346;

22. Plaintiffs have made payment to Defendant's Internal Revenue Service as follows:

| Tax period Ending | Payment Amount | Payment Date | Place |
|---|---|---|---|
| December 31, 1993 | $8,000 | April, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 1996 | $8,000 | April, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 1997 | $8,000 | April, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 1999 | $8,000 | April, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 2001 | $16,000 | March-April, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 2002 | $16,000 | February –March, 2006 | IRS Fresno, CA Service/Campus Center |
| December 31, 2003 | $8,000 | February, 2006 | IRS Fresno, CA Service/Campus Center |

Further, Plaintiff Rio Vista Corporation, Inc. has made, and continues to make, monthly payments under protest pursuant to a payment plan agreement entered into with Defendant's Internal Revenue Service. To date payments made under protest, since August 2004, pursuant to the payment plan, total at least $332,000, which total amount has not been properly recorded and credited to Plaintiff Rio Vista Corporation, Inc's account by Defendant's Internal Revenue Service[†];

23. The aforementioned payments were erroneously paid to Defendant's Internal Revenue Service due to the fact there is no tax liability in excess of the payments previously paid by Plaintiff Rio Vista Corporation, Inc. Nevertheless, Defendant's Internal Revenue Service erroneously asserted additional tax liabilities in the amount of $231,359. The aforementioned alleged tax liabilities have been satisfied. Consequently, Plaintiff Rio Vista Corporation, Inc. is entitled to refunds of the amounts paid and identified below as having been paid under protest for taxes not due and owing.

24. On or about September 1, 2006, Plaintiff Rio Vista Corporation, Inc submitted Forms 843, Claim for Refund and Request for Abatement, copies of which are attached as Exhibits E through K, and incorporated by reference herein, claiming refund of the following amounts:

| Exhibit | Tax period Ending | Refund Claim Amount | Date | Place |
|---|---|---|---|---|
| Exhibit E | December 31, 1993 | $9.64 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit F | December 31, 1996 | $9.64 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |

[†] Payments have been made jointly on behalf of Plaintiff J. Cardenas & Sons Farming, Inc. and Plaintiff Rio Vista Corporation, which is the subject of count 1 above. It is unknown how the Defendant's Internal Revenue Service has allocated the payments between the two taxpayers.

| | | | | |
|---|---|---|---|---|
| Exhibit G | December 31, 1997 | $51.84 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit H | December 31, 1999 | $1,529.20 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit I | December 31, 2001 | $11,685.81 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit J | December 31, 2002 | $4,853.32 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |
| Exhibit K | December 31, 2003 | $3,784.21 | September 1, 2006 | IRS Fresno, CA Service/Campus Center |

25. To date, Plaintiff Rio Vista Corporation, Inc has not received any refund payment for the aforementioned erroneously assessed and paid taxes. A period of fourteen months has elapsed since the date of filing the claims for refund;

26. As ground for recovery, Plaintiff incorporates by this reference as though fully set forth herein, each and every allegation, statement and ground contained in Exhibits E through K, the respective claims for refund;

27. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1993, and is entitled to recover from Defendant the claimed refund amount of $9.64, or such greater or other amount, together with interest, as allowed by law;

28. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1996, and is entitled to recover from Defendant the claimed refund amount of $9.64, or such greater or other amount, together with interest, as allowed by law;

29. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1997, and is entitled to recover from

Defendant the claimed refund amount of $51.84, or such greater or other amount, together with interest, as allowed by law;

30. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 1999, and is entitled to recover from Defendant the claimed refund amount of $1,529.20, or such greater or other amount, together with interest, as allowed by law;

31. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 2001, and is entitled to recover from Defendant the claimed refund amount of $11,685.81, or such greater or other amount, together with interest, as allowed by law;

32. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 2002, and is entitled to recover from Defendant the claimed refund amount of $4,853.32, or such greater or other amount, together with interest, as allowed by law;

33. Plaintiff Rio Vista Corporation, Inc. has overpaid its federal Form 943 employment tax liability for the period ending December 31, 2003, and is entitled to recover from Defendant the claimed refund amount of $3,784.21, or such greater or other amount, together with interest, as allowed by law;

34. Plaintiff Rio Vista Corporation, Inc's payments to Defendant's Internal Revenue Service at least in the amount of $332,000, since August 2004, made under protest pursuant to a payment plan, constitute overpayments, and Plaintiff J. Cardenas & Sons Farming, Inc. is entitled to recover, as set forth in the aforementioned claims represented

by Exhibits E-K, from Defendant the amount of $21,923.66, or such greater or other amount, together with interest, as allowed by law;

35. Plaintiff Rio Vista Corporation, Inc alleges that Defendant has taken an unjustified, arbitrary and erroneous position with respect to the failure of Defendant's Internal Revenue Service to allow and record proper credit to Plaintiffs for their tax payments, which have resulted in overpayment of the taxes paid and described herein, sought to be refunded;

36. Plaintiff Rio Vista Corporation, Inc is the sole owner of its claims against Defendant and has made no assignment of said claims.

**Count III—Juan and Graciela Cardenas**

37. On September 25, 2007, after the original complaint was filed in this action, the Defendant's Internal Revenue Service wrongfully issued a levy action against Plaintiffs Juan and Graciela Cardenas pursuant to 26 U.S.C. § 6672, the "responsible officer penalty," while this action was pending and during the pendency of an installment agreement entered into between the parties. A copy of the levy action and letters from Plaintiffs' bank indicating payment to the Defendant's Internal Revenue Service pursuant to that levy action are attached as Exhibits L-O.

38. On November 30, 2007, Defendant filed a Motion for More Definite Statement in each of the aforementioned matters. Thereafter, on December 14, 2007, Plaintiffs filed an Opposition to Motion for More Definite Statement in each of the aforementioned matters. Plaintiffs' opposition asserts that the payments made pursuant to levy relate to the same underlying tax liabilities set forth in Counts I and II of this Second Amended Complaint.

39. This suit arises under the Internal Revenue Laws of the United States (Chapter 26 of the United States Code) for the refund/abatement of taxes assessed against and paid by the Plaintiffs involving Form 943 employment taxes for the tax periods ending December 31, 1999 and December 31, 2001;

40. Jurisdiction is conferred upon this Court by 26 U.S.C. §§ 6532 and 7422, and 28 U.S.C. § 1346;

41. This suit further arises under the Internal Revenue Laws of the United States (Chapter 26 of the United States Code) for the refund/abatement of penalties additionally assessed against and paid through levy action by defendant's Internal Revenue Service by the Plaintiffs pursuant to 26 U.S.C. § 6672, the "responsible officer penalty";

42. Plaintiffs, Rio Vista Corporation and J. Cardenas & Sons Farming, Inc. have made payment to Defendant's Internal Revenue Service, no amount of which has been refunded;

43. Plaintiffs Juan and Graciela Cardenas have made payments to Defendant's Internal Revenue Service pursuant to levies and other collection activity for penalties assessed against the individual plaintiffs pursuant to 26 U.S.C. § 6672 as "responsible officer penalty", as described above, notwithstanding payment by plaintiffs Rio Vista Corporation and J. Cardenas & Sons Farming, Inc.. These responsible officer penalty assessments were arbitrary and erroneous, and contrary to law as all of the underlying tax liabilities have been satisfied, or are in the process of being determined to have been satisfied;

44. Pursuant to the special matters required in the complaint of a tax refund suit under the Rules of Court of Federal Claims, Rule 9(h)(6), the amount, date, and place of each

payment to the Defendant's Internal Revenue Service, at Santa Maria, California, pursuant to levy, to be refunded to plaintiffs Juan and Graciela Cardenas is as follows:

| Date | Amount | Place |
|---|---|---|
| 1. September 26, 2007: | $19,420.20 | Wells Fargo Bank, Santa Maria, CA |
| 2. September 26, 2007: | $200.28 | Wells Fargo Bank, Santa Maria, CA |
| 3. September 26, 2007: | $1,008.62 | Wells Fargo Bank, Santa Maria, CA |

45. Pursuant to the special matters required in the complaint of a tax refund suit under the Rules of Court of Federal Claims, Rule 9(h)(6), the date and place of each claim of refund filed by plaintiffs Juan and Graciela Cardenas are as follows:

| Date | Place |
|---|---|
| December 20, 2007 | IRS Fresno, CA Service/Campus Center |

46. Pursuant to the special matters required in the complaint of a tax refund suit under the Rules of Court of Federal Claims, Rule 9(h)(6), a copy of the refund claim filed by plaintiffs Juan and Graciela Cardenas is attached as Exhibit P, and each and every ground stated in Exhibit P is incorporated by this reference as though fully set forth herein;

47. Collection against Plaintiffs was improper pursuant to 26 U.S.C. § 6331(i), which precludes collection activity during the pendency of proceedings for refund of divisible tax;

48. To date, Plaintiffs have not received any refund payment for the aforementioned erroneously assessed and paid penalties;

49. Plaintiffs allege that Defendant has taken an unjustified, arbitrary and erroneous position, contrary to law, with respect to the continued collection action against Plaintiffs,

despite the pendency of the action at bar for refund of the underlying divisible tax liabilities;

50. Plaintiffs are the sole owners of their claims against Defendant and have made no assignment of said claims.

WHEREFORE, with respect to Counts I and II, Plaintiffs pray for judgment against Defendant, in the assessed and paid amount of $31,449.78, or such other or greater amount as substantiated by credible evidence, and with respect to Count III, Plaintiffs pray for judgment against Defendant, in the amount levied and presumably assessed in the amount of $20,629.10, or such other amount as substantiated by credible evidence adduced in this action, together with:

a. Interest as assessed, paid and as allowed by law;

b. Costs as allowed by law;

c. Costs and fees pursuant to 26 U.S.C. § 7430;

d. Attorneys' fees as allowed, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 2412; 5 U.S.C. § 504, and amendments thereto made by the Equal Access to Justice Act (H.R. 5612, Title II, § 201-208), and any other legislation; and

e. Such other relief as the Court shall deem appropriate.

Dated: January 25, 2008

MARTIN A. SCHAINBAUM
A Professional Law Corporation

s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM, Esq.