MARTIN A. SCHAINBAUM, Esq.
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
J. Cardenas & Sons Farming, Inc.
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS and GRACIELA CARDENAS, Plaintiffs, v. THE UNITED STATES Defendant. | No.: 07-350 T **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ENLARGMENT OF TIME** Judge Christine O.C. Miller |
| RIO VISTA CORPORATION, JUAN CARDENAS and GRACIELA CARDENAS, Plaintiffs, v. THE UNITED STATES Defendant. | No.: 07-351 T **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR ENLARGMENT OF TIME** Judge Christine O.C. Miller |

Plaintiff objects to an enlargement of time in this matter for the reasons set forth below.

## I. FURTHER DELAYS IN ADDRESSING THE SUBSTANCE OF PLAINTIFFS' CLAIMS WOULD BE UNFAIR BECAUSE OF THE FINANCIAL BURDEN POSED BY SUCH DELAYS.

An enlargement of time would be unfair to the taxpayer in this case. The taxpayer is a farmer who has been struggling for years under the burden of the tax obligation alleged in this matter. As indicated in Plaintiffs' Opposition to Defendant's Motion for More Definite Statement, Plaintiffs were the victim of a conspiracy to divert their tax payments. Plaintiffs have no reason to believe that Defendant has done any investigation of this conspiracy or taken any steps to assist its victims, including Plaintiffs.

In contrast to Defendant's inaction, once Plaintiffs were made aware of the aforementioned conspiracy through notification that the Defendant's Internal Revenue Service ("IRS") had not received some of their tax payments, Plaintiffs began to make monthly payments to the IRS of $8,000. These payments have been made pursuant to an installment agreement and as a demonstration of Plaintiffs' desire to act in good faith in resolving this dispute. The substantial nature of each of these payments has prevented Plaintiffs from pursuing any of their other financial objectives during this time.

According to both Plaintiffs' records and the IRS account transcripts supplied to Plaintiffs by the Defendant, Plaintiffs' total payments have far exceeded the original tax obligation asserted by the Defendant. While Plaintiffs' records indicate credits of nearly half a million dollars beyond the original tax obligation, the Defendant's Internal Revenue Service's records also indicate credits to Plaintiffs' accounts totaling $175,429.77 more than the original tax obligation. Plaintiffs have supplied copies of these records to Defendant in an effort to resolve this matter, but Defendant has been unwilling to discuss the substance of the matter. Plaintiffs' counsel has explained to the

Defendant that any discrepancy, at least in part, is due to the method by which the IRS has applied Plaintiffs' payments. Defendant has acknowledged an understanding of this issue, but has taken no steps to address it. Continual delays injure the Plaintiffs, who have more than satisfied their obligations in this matter.

## II. DEFENDANT HAS DEMONSTRATED A TROUBLING PATTERN OF DELAY IN THIS MATTER.

Since the filing of Plaintiffs' Original Complaint on or about June 4, 2007, Defendant has failed to respond to the substance of any of Plaintiffs' claims. Plaintiffs have offered no objection to three motions for enlargement of time by Defendant, but as described above, Plaintiffs cannot continue to allow the IRS to search for administrative files that may never be found, if they exist at all.

Defendant first filed a motion for enlargement of time on or about July 25, 2007, to which Plaintiffs offered no objection. Defendant again filed a motion for enlargement of time on or about August 29, 2007, to which Plaintiffs again offered no objection. Defendant filed a third motion for enlargement of time on or about October 5, 2007, to which Plaintiffs, for a third time, offered no objection. Then, on November 30, 2007, Defendant filed a Motion for More Definite Statement, which again failed to address any of the substantive issues involved in this case. This most recent motion for enlargement of time is merely the most recent evidence of a pattern of procrastination by the Defendant in answering Plaintiffs' claims or attempting to resolve the substantive issues of this case.

Plaintiffs' counsel has been in regular and frequent contact with Defendant's trial attorney in an attempt to resolve this matter. However, Defendant has either disregarded or refused to make use of the records provided by Plaintiffs. Defendant has also

consistently postponed any discussion about the substance of Plaintiffs' claims. Rather than request more time, Defendant would be better served by discussing the substance of this matter with Plaintiffs. Plaintiffs' counsel is prepared to travel to Washington D.C. to meet with the Defendant's trial attorney. Plaintiffs' counsel will, for example, be in Washington D.C. in May of this year for the American Bar Association Tax Section meeting and would be willing to meet with Defendant's trial attorney at that time.

On February 11, 2008, prior to the Defendant's filing of its motion, Plaintiffs' counsel spoke with Defendant's trial attorney and expressed Plaintiffs' objection to any enlargement of time in this matter. Defendant has access to the records demonstrating Plaintiffs' continued payments and the associated discharge of any tax obligation owed. In light of this dilatory pattern, further delay by Defendant should not be allowed.

## III. AN ENLARGEMENT OF TIME WILL INJURE PLAINTIFFS WITHOUT ASSISTING DEFENDANT IN ANY WAY BECAUSE THE IRS FILES ARE INCOMPLETE AND INCONSISTENT.

Plaintiffs' counsel has dealt with the IRS extensively on an administrative level in connection with this case, and it is clear that the IRS files for Plaintiffs are incomplete and inconsistent. It is doubtful that an enlargement of time will yield any further information than Defendant already possesses. Defendant has thrice requested enlargements of time, each time asserting confidence that the additional time will allow the IRS time to locate administrative files. However, each period of additional time granted has yet to result in any response to Plaintiffs' claims.

More than eight months have elapsed since Plaintiffs filed this lawsuit. During all of this time, Plaintiffs have continued to make payments to the IRS, despite the extreme burden of forfeiting such substantial amounts each month. In response, Defendant has

continually postponed discussion of the substance of the matter and delayed any response to Plaintiffs' claims. It is unrealistic for Defendant to assert that an additional two weeks will yield any additional files when eight months have not yielded such result.

The interests of justice require that the Defendant respond to Plaintiffs' Second Amended Complaint so that the issues can be joined; thus allowing Plaintiffs' cause of action to proceed without further delay. It follows that Defendant's motion requesting another enlargement of time be denied.

Respectfully submitted,

MARTIN A. SCHAINBAUM
A Professional Law Corporation

s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM, Esq.

Dated: February 11, 2008