IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-350 T

(Judge Christine O.C. Miller)

J. CARDENAS & SONS FARMING, INC.,
JUAN CARDENAS AND GRACIELA CARDENAS

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

No. 07-351 T

RIO VISTA CORPORATION,
JUAN CARDENAS AND GRACIELA CARDENAS,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

MOTION OF THE UNITED STATES TO DISMISS IN PART
PLAINTIFFS' SECOND AMENDED COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), the United States respectfully moves the Court to dismiss, in part, the second amended

complaint filed by plaintiffs, on the ground that this Court lacks subject matter jurisdiction over the 2000 tax year for J. Cardenas & Sons Farming, Inc. ("Cardenas & Sons"); the 1997, 1999, 2001 and 2002, tax years for Rio Vista Corporation ("Rio Vista"); and the claim for refund of § 6672 penalty executed by Juan Cardenas and Graciela Cardenas ("Cardenases"). In addition, the United States moves pursuant to RCFC 12(b)(6) to dismiss, in part, the second amended complaint on the ground that the claim for refund filed by Rio Vista for the 1993 tax year fails to state a claim upon which relief can be granted.[1] In support of this motion, the United States relies on the accompanying brief, the exhibits attached to plaintiffs' second amended complaint, and the exhibits attached to the declaration of defendant's trial attorney filed concurrently herewith.

**STATEMENT**

Cardenas & Sons and Rio Vista filed complaints in this action on June 4, 2007. Each of those lawsuits (Compl. ¶ 3) (emphasis added) sought the "refund/abatement of taxes assessed against and paid by the Plaintiff involving *Form 943 employment taxes*." Cardenas & Sons and Rio Vista filed amended complaints on November 7, 2007, adding Juan and Graciela Cardenas as plaintiffs. The amended complaints raised new issues in that the Cardenases sought (Amend.Compl. ¶ 8) (emphasis added) a "refund/abatement of *penalties* . . . *assessed*. . . *pursuant to 26 U.S.C. § 6672, the 'responsible officer penalty'*." Thus, the original complaints filed in this action sought a refund or abatement of taxes allegedly assessed and paid by Cardenas & Sons and Rio Vista in connection with the Employer's Annual Tax Return for

[1] This motion does not address tax claims of Cardenas & Sons for tax years 1993, 1995 and 1998, and tax claims for Rio Vista for tax years 1996 and 2003.

Agricultural Employees (Form 943) filed by them for the periods in issue. The original complaints did not contain any allegations regarding the Cardenases and their liability for penalties assessed against them pursuant to I.R.C. § 6672.

On November 30, 2007, the United States filed a motion for a more definite statement pursuant to RCFC 12(e), which asserted that the amended complaints failed to contain information required for tax refund suits pursuant to RCFC 9(h)(6). Plaintiffs opposed the motion for more definite statement on December 14, 2007. The United States filed its reply to plaintiffs' opposition on January 11, 2007. By order dated January 14, 2008, the Court consolidated these actions pursuant to RCFC 42(a) and granted the motion for more definite statement filed by the United States. In accordance with the Court's order of January 14, plaintiffs filed a Second Amended Complaint on January 25, 2008. As set forth below, the following years that are included in the second amended complaint present jurisdictional issues.

**The 2000 tax year for Cardenas & Sons**

On January 31, 2001, the Internal Revenue Service received the Employer's Annual Federal Tax Return for Agricultural Employees ("Form 943") for the 2000 tax year filed by Cardenas & Sons. (Def. Ex. 1.)[2] On October 4, 2006, Cardenas & Sons filed a Claim for Refund and Request for Abatement ("Form 843") for the 2000 tax year. (Def. Ex. 7.) The most recent payment made by Cardenas & Sons for the 2000 tax year was made on November 19, 2003. (Def. Ex. 1.) The claim for refund for the 2000 tax year was not filed within three years of the date the original return was filed or within two years from the time the tax was paid.

---

[2] Defendant's exhibits are attached to the Declaration of Jennifer Dover Spriggs ("Spriggs Declaration") which is filed concurrently herewith.

**The 1993 tax year for Rio Vista**

On January 31, 1994, the Internal Revenue Service received a Form 943 for the 1993 tax year filed by Rio Vista. (Def. Ex. 2.) On October 4, 2006, Rio Vista filed a claim for refund for the 1993 tax year seeking a refund of $9.64. (Def. Ex. 8.) The most recent payments made by Rio Vista for the 1993 tax year were made on March 7, 2005. (Def. Ex. 2.) On December 11, 2006, an abatement in the amount of $1,038.34 was made with respect to Rio Vista's 1993 tax year. (Def. Ex. 2.) The claim for refund filed by Rio Vista for the 1993 tax year was not filed within three years of the date the original return was filed.

**The 1997 tax year for Rio Vista**

Rio Vista filed its Form 943 for the 1997 tax year on January 31, 1998. (Def. Ex. 3.) Rio Vista alleges (Second Amend. Compl. ¶ 24) that it filed a claim for refund for the 1997 tax year seeking a refund of $51.84 on September 1, 2006. [3] The claim for refund for the 1997 tax year attached to the second amended complaint (Pl. Ex. 6) is undated. The United States assumes for purposes of this motion, that the claim for refund was filed on or about September 1, 2006. The most recent payment made by Rio Vista for the 1997 tax year was made on May 21, 1998. (Def. Ex. 3.) The claim for refund filed by Rio Vista for the 1997 tax year was not filed within three years of the date the original return was filed or within two years from the time the tax was paid.

**The 1999 tax year for Rio Vista**

On December 16, 2001, the Internal Revenue Service received the Form 943 for the 1999 tax year filed by Rio Vista. (Def. Ex. 4.) On October 4, 2006, Rio Vista filed a claim for refund

[3] The administrative file located for the 1997 tax year does not contain the claim for refund. filed by Rio Vista for the 1997 tax year. *(See* Spriggs Declaration ¶ 3.)

for the 1999 tax year seeking a refund of $1,529.20. (Def. Ex. 9.) The most recent payments made by Rio Vista for the 1999 tax year were made on January 23, 2000. (Def. Ex. 4.) The claim for refund filed by Rio Vista for the 1999 tax year was not filed within three years of the date the original return was filed or within two years from the time the tax was paid.

**The 2001 tax year for Rio Vista**

Rio Vista filed its Form 943 for the 2001 tax year on January 31, 2002. (Def. Ex. 5.) Rio Vista filed a claim for refund for the 2001 tax year seeking a refund of $11,685.81 on October 4, 2006. (Def. Ex. 10.) The certified transcript of account for the 2001 tax year reports that no payments were made by Rio Vista during that year. (Def. Ex. 5.) The claim for refund filed by Rio Vista for the 2001 tax year was not filed within three years of the date the original return was filed.

**The 2002 tax year for Rio Vista**

On January 31, 2003, the Internal Revenue Service received a Form 943 for the 2002 tax year filed by Rio Vista. (Def. Ex. 6.) On October 4, 2006, Rio Vista filed a claim for refund for the 2002 tax year seeking a refund of $4,853.32. (Def. Ex. 11.) The most recent payments made by Rio Vista for the 2002 tax year were made on December 24, 2002. (Def. Ex. 6.) The claim for refund filed by Rio Vista for the 2002 tax year was not filed within three years of the date the original return was filed or within two years from the time the tax was paid.

**The Cardenases' Claim for Refund**

The second amended complaint filed on January 25, 2008, alleges (Second Amend. Compl. ¶ 45) that the Cardenases filed a claim for refund on December 20, 2007. The Cardenases claim for refund (Pl. Ex. P) seeks to recover civil penalties in the amount of $20,662.10 for the period 9/01/2007 to 9/30/2007. The Cardenases allege (Second Amend.

Compl. ¶ 43) that civil penalties were assessed against them “pursuant to 26 U.S.C. § 6672 as ‘responsible officer penalty’.” The second amended complaint containing those allegations (in Count III) that relate to the Cardenases were filed with this Court before the expiration of 6 months from the date that the Cardenases allege their claim for refund was filed with the Internal Revenue Service. In addition, the Cardenases have not alleged nor provided any evidence that the Internal Revenue Service rendered a decision on their claim for refund prior to their filing the second amended complaint on January 25, 2008. The administrative file provided by the Internal Revenue Service in connection with the periods at issue in this case does not contain a copy of the refund claim filed by Juan and Graciela Cardenas, nor does it contain any document which indicates that the Internal Revenue Service has rendered a decision on the claim for refund filed by the Cardenases. *See* Spriggs Declaration ¶ 3.

## ARGUMENT

### I

### CARDENAS & SONS FAILED TO FILE A TIMELY CLAIM FOR REFUND FOR THE 2000 TAX YEAR; THEREFORE, THE COURT LACKS JURISDICTION OVER THAT TAX YEAR

In order to maintain a suit for the refund of any internal revenue tax, plaintiffs must comply with the requirements of I.R.C. § 7422(a). This section provides that no refund suit may be maintained "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provision of law in that regard, and the regulations of the Secretary established in pursuance thereof." The provisions of law with respect to the filing of claims for refund include the limitation periods specified in I.R.C. § 6511(a). Pursuant to § 6511(a), claims for refund must be filed “within 3 years from the time the return was filed or 2 years from the time the tax was paid.” *See United States v. Dalm*, 494 U.S. 596, 602 (1990).

A claim for refund that has not been filed within the time limits prescribed by § 6511 is not a "duly filed" claim for purposes of § 7422(a). *See Mertens v. United States*, 12 Cl. Ct. 678, 680 (1987); *Wall Industries, Inc. v. United States*, 10 Cl. Ct. 82, 95 (1986); *Trout v. United States*, 1 Cl. Ct. 219, 220 (1983). A "duly filed" claim for refund is a jurisdictional prerequisite to maintaining a tax refund suit, and failure to satisfy this requirement deprives the Court of jurisdiction to decide the matter. *See Sun Chemical Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 819 (1983); *Minehan v. United States*, 75 Fed. Cl. 249, 254 (2007); *Stelco Holdings Co. v. United States*, 42 Fed. Cl. 101, 104 (1998).

In the instant action, Cardenas & Sons filed a claim for refund for the 2000 tax year on October 4, 2006. Cardenas & Sons filed a return for the 2000 tax year on January 31, 2001. The tax for the 2000 tax year was paid on November 19, 2003. Therefore, the claim for refund filed by Cardenas & Sons for the 2000 tax year was untimely because it was filed more than three years after the return for 2000 was filed and more than two years after the payment of the tax for that year. *See* §§ 6511(a), 7422(a). Since the Cardenas & Sons' claim for refund for the 2000 tax year was untimely, it was not a duly filed claim for refund within the meaning of § 7422(a), and the Court lacks jurisdiction over the subject matter of that claim for refund for the 2000 tax year. *See Dalm*, 494 U.S. at 602; *Sun Chemical Corp.*, 698 F.2d at 1206; *Minehan*, 75 Fed. Cl. at 254; *Stelco Holdings Co.*, 42 Fed. Cl. at 104.

## II

## RIO VISTA HAS FAILED TO ESTABLISH THAT THE AMOUNT SOUGHT IN ITS CLAIM FOR REFUND FOR THE 1993 TAX YEAR WAS NOT PREVIOUSLY REFUNDED

On January 31, 1994, Rio Vista filed a return for the 1993 tax year. (Def. Ex. 2.) Rio Vista filed a claim for refund for the 1993 tax year seeking a refund of $9.64 on October 4, 2006. (Def. Ex. 8.) The claim for refund filed by Rio Vista for the 1993 tax year was not filed within three years of the date the original return was filed as required by § 6511(a), but the most recent payments made by Rio Vista for the 1993 tax year had been made on March 7, 2005 (*i.e.*, less than two years prior to the claim). Since the refund claim for the 1993 tax year was not filed within three years of the time the return was filed, the amount of the refund claim is limited pursuant to § 6511(b)(2)(B) to the amount of "tax paid during the 2 years immediately preceding the filing of the claim." However, on December 11, 2006, a failure-to-pay-tax penalty in the amount of $1,038.34 was abated for Rio Vista's 1993 tax year. (Def. Ex. 2.) As a result of the abatement of penalties for the 1993 tax year, Rio Vista has failed to establish that the amount sought in the 1993 claim for refund was not previously refunded or abated. Therefore, under RCFC 12(b)(6) the 1993 claim for refund fails to state a claim upon which relief can be granted. *See Donahue v. United States*, 33 Fed. Cl. 600 604 (1995) (taxpayer failed to establish entitlement to additional refund beyond that which had already been received).

## III

## RIO VISTA FAILED TO FILE TIMELY CLAIMS FOR REFUND FOR THE TAX YEARS 1997, 1999, 2001 AND 2002; THEREFORE, THE COURT LACKS JURISDICTION OVER THOSE TAX YEARS

For its tax years 1997, 1998, 2001, and 2002, Rio Vista filed its original employment tax returns, made its most recent payments, and allegedly filed refund claims on the dates listed below:

| Year | Original Return | Most Recent Payment | Alleged Refund Claim |
|---|---|---|---|
| 1997 | 01/31/1998 | 05/21/1998 | 09/01/2006 |
| 1999 | 12/16/2001 | 01/23/2000 | 10/04/2006 |
| 2001 | 01/31/2002 | (None) | 10/04/2006 |
| 2002 | 01/31/2003 | 12/24/2002 | 10/04/2006 |

As these dates indicate, Rio Vista's claims for refund for each of these years was untimely because each was filed more than three years after the original return was filed for that year, and more than two years after the most recent payment of tax for that year. *See* §§ 6511(a), 7422(a). Since Rio Vista's claims for refund for these years were untimely, they were not duly filed claims for refund within the meaning of § 7422(a), and the Court lacks jurisdiction over the subject matter of the claims for refund for these years. *See Dalm*, 494 U.S. at 602; *Sun Chemical Corp.*, 698 F.2d at 1206; *Minehan*, 75 Fed. Cl. at 254; *Stelco Holdings Co.*, 42 Fed. Cl. at 104.

## IV

**THE COURT LACKS JURISDICTION OVER THE ALLEGATIONS IN COUNT III OF THE SECOND AMENDED COMPLAINT REGARDING THE CLAIM FOR REFUND FILED BY JUAN AND GRACIELA CARDENAS, BECAUSE THOSE ALLEGATIONS FAIL TO COMPLY WITH I.R.C. § 6532 (a)(1).**

Attached to the second amended complaint (Pl. Ex. P) is a copy of a Form 843, claim for refund for Juan and Graciela Cardenas requesting a refund of a claimed overpayment of civil penalties in the amount of $20,662.10. The Form 843 is dated "12-17-07" and the Cardenases allege (Second Amend. Compl. ¶ 45) that the claim for refund was filed on December 20, 2007. The United States therefore assumes,[4] for purposes of this motion, that the claim for refund was filed on or about December 20, 2007. The Cardenases do not allege that the Internal Revenue Service ever disallowed that claim for refund, and the Internal Revenue Service's records do not show any disallowance (*see* Spriggs Declaration ¶ 3.) On January 25, 2008--*i.e.*, less than two months after they allegedly filed their claim with the Internal Revenue Service–the Cardenases filed the instant Second Amended Complaint seeking in part to recover (Count III) a refund of the alleged overpayment of civil penalties assessed pursuant to §6672 the "responsible officer penalty."

I.R.C. § 6532(a)(1) provides that no tax refund suit "shall be begun before the expiration of 6 months from the date of filing the claim . . . unless the Secretary renders a decision thereon within that time." The Cardenases failed to wait the requisite six months, and Count III of the

---

[4] The administrative file provided by the Internal Revenue Service does not contain a copy of the claim for refund filed by the Cardenases, or any document which indicates that the Internal Revenue Service has rendered a decision on the claim for refund filed by the Cardenases. *See* Spriggs Declaration ¶ 3.

Second Amended Complaint, which relies upon the claim for refund filed by the Cardenases on December 20, 2007, is therefore premature. *See Skillo v. United States*, 68 Fed. Cl. 734, 741 (2005).

CONCLUSION

For the foregoing reasons, defendant's motion should be granted and the Court should dismiss without prejudice, from the Second Amended Complaint, the 2000 tax year for Cardenas & Sons; the 1993, 1997, 1999, 2001 and 2002, tax years for Rio Vista; and the claim for refund for Juan Cardenas and Graciela Cardenas. The Court should proceed with the tax years 1993, 1995, and 1998, for Cardenas & Sons, and the Court should proceed with the tax years 1996 and 2003 for Rio Vista.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

February 26, 2008