MARTIN A. SCHAINBAUM, Esq. (CSB # 37257)
STEPHEN DeROSA, Esq. (CSB # 245336)
BRYANT W.H. SMITH, Esq. (CSB # 250035)
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
J. Cardenas & Sons Farming, Inc.
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-350 T<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Judge: Christine O.C. Miller** |

| | |
|---|---|
| RIO VISTA CORPORATION, JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-351 T<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**Judge: Christine O.C. Miller** |

# INDEX

Page

Plaintiffs' Opposition to Defendant's Motion to Dismiss in Part Plaintiffs' Second Amended Complaint.......1

Statement.......2

Discussion of Defendant's Specific Claims.......6

The 2000 tax year for J. Cardenas & Sons Farming, Inc.......6

The 1993 tax year for Rio Vista Corporation.......7

The 1997 tax year for Rio Vista Corporation.......8

The 1999 tax year for Rio Vista Corporation.......8

The 2001 tax year for Rio Vista Corporation.......9

The 2002 tax year for Rio Vista Corporation.......9

The Claim for Refund for Juan and Graciela Cardenas.......10

Argument:

I. All of Plaintiffs' claims for refund comply with 26 U.S.C. § 6511(a); therefore, this Court has jurisdiction over all the tax years involved in this suit.......11

II. This Court has jurisdiction over the allegations in Count III of the Second Amended Complaint because those allegations relate to the same underlying Tax in dispute in this case.......11

Conclusion.......13

## Exhibits

Page

Exhibit A: Declaration of Steven Pybrum........................................................E1

Exhibit 1: Copies of checks payable to United States Treasury..........................E6

Exhibit 2: Cover Letter to Revenue Officer Mary Montoya...............................E11

Exhibit 3: Claims for Refund for J. Cardenas & Sons Farming, Inc.....................E13

Exhibit 4: Claims for Refund for Rio Vista Corporation...................................E18

Exhibit B: IRS Account Transcript for J. Cardenas & Sons Farming, Inc. for tax year 1993...E26

Exhibit C: IRS Account Transcript for J. Cardenas & Sons Farming, Inc. for tax year 1995...E39

Exhibit D: IRS Account Transcript for J. Cardenas & Sons Farming, Inc. for tax year 1998...E47

Exhibit E: Internal Revenue Manual 4.24.9.5................................................E55

Exhibit F: Internal Revenue Manual 4.23.9.13..............................................E59

Exhibit G: Internal Revenue Manual 1.2.14.1.3..............................................E61

MARTIN A. SCHAINBAUM, Esq. (CSB # 37257)
STEPHEN DeROSA, Esq. (CSB # 245336)
BRYANT W.H. SMITH, Esq. (CSB # 250035)
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
J. Cardenas & Sons Farming, Inc.
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-350 T<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT** |

| | |
|---|---|
| RIO VISTA CORPORATION, JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-351 T<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Plaintiffs respectfully request this Court to deny the motion of the Defendant United States to dismiss in part Plaintiffs' Second Amended Complaint. Defendant's motion

demonstrates a misunderstanding of the facts of the case. This Court has subject matter jurisdiction over all of Plaintiffs' claims, including the tax year 2000 for Plaintiff J. Cardenas & Sons Farming, Inc; the tax years 1997, 1999, 2001, and 2002 tax years for Plaintiff Rio Vista; and the claim for refund for Plaintiffs Juan and Graciela Cardenas. Plaintiffs have paid $8,000 each month to the United States Treasury since October 2004 for the purpose of paying any outstanding tax liability they might have. The Internal Revenue Service has improperly credited those payments to the various tax years for J. Cardenas & Sons Farming, Inc. and Rio Vista Corporation, resulting in Defendant's current confusion concerning the timeliness of Plaintiffs' claims. However, each of Plaintiffs' claims for refund was submitted in 2006 for payments made in 2006. (See Declaration of Steven Pybrum attached as Exhibit A.) No reading of the applicable statute of limitations invalidates, as untimely, any of Plaintiffs' claims for refund.

## STATEMENT

At all times relevant to this lawsuit, Plaintiffs made regular payments of payroll taxes through a bookkeeping service at Wells Fargo Bank. Plaintiffs first learned that Defendant's Internal Revenue Service had not allegedly received all of Plaintiffs' tax payments in early 2004. At that time, Plaintiffs discovered that employees of the bookkeeping service and Wells Fargo Bank diverted some of their tax payments. Recognizing that they may have some outstanding tax liability, and as a gesture of good faith, Plaintiffs then entered into successive installment agreements with Defendant's Internal Revenue Service and began making monthly payments.

In 2004, when this diversion and tax liability came to Plaintiffs' attention, the payroll tax returns (forms 943) for Plaintiff J. Cardenas & Sons Farming, Inc. for the tax years ending December 1993, December 1995, December 1998, and December 2000 indicated a total tax liability for those years of $219,967.00. At that time, the company's records indicated total

payment of $253,118.37, and the IRS records indicated total payments of $245,888.89. As some of the payments were determined to be late, the IRS had also assessed penalties and interest against Plaintiff J. Cardenas & Sons Farming, Inc.

In 2004, when this diversion and tax liability came to Plaintiffs' attention, the payroll tax returns (forms 943) for Rio Vista Corporation for the tax years ending December 1993, December 1996, December 1997, December 1999, December 2001, December 2002, and December 2003 indicated a total tax liability for those years of $782,276.59. At that time, the company's records indicated total payments of $744,776.48, and the IRS records indicated total payments of $456,769.55. As some of the payments were determined to be late, the IRS had also assessed penalties and interest against Rio Vista Corporation.

The total tax liability stated in the relevant tax returns for the two companies was $1,002,243.59. The payments for the two companies recorded by the companies totaled $997, 894.85. The payments for the two companies recorded by the IRS totaled $702,658.44.

Between August 2004 and the present, Plaintiffs have made payments under protest, in accordance with the aforementioned installment agreements, totaling at least $340,000. Plaintiffs, however, made the payments without directing to which account the payments should be applied.

Believing that some or all of the penalties and interest assessed against them should be abated and that the diverted tax payments need not be repaid, on or about September 1, 2006, Plaintiff Rio Vista Corporation submitted Forms 843, Claim for Refund and Request for Abatement for installment agreement payments made in February, March, and April 2006. Copies of these Claims for Refund are attached to the declaration accompanying this opposition as Exhibit 4. Believing that some or all of the penalties and interest assessed against them should be abated and that the diverted tax payments need not be repaid, on or about September 1, 2006,

Plaintiff J. Cardenas & Sons Farming, Inc. submitted Forms 843, Claim for Refund and Request for Abatement for installment agreement payments made in April and May 2006. Copies of these Claims for Refund are attached to the declaration accompanying this opposition as Exhibit 3. The tax periods and amounts listed on the claims for refund correspond to Plaintiffs' records regarding which tax liabilities the checks in question would cover. Plaintiffs did not have access to the IRS account transcripts and how the payments may have actually been applied. Any discrepancy in the application of the payments does not change the fact that the payments were made in 2006 and the claims for refund for those payments were made later that same year. Copies of the checks from Plaintiffs to the United States Treasury for February, March, April, and May 2006 are attached to the declaration accompanying this opposition as Exhibit 1.

Defendant's motion relies on IRS transcripts, which have been provided to Plaintiffs. These transcripts illustrate the essential disagreement between Plaintiffs and Defendant in this matter. While Plaintiffs have been making monthly payments, it is clear from the IRS account transcripts that Plaintiffs' payments have not been applied in a reasonable and logical manner. Rather the Defendant's Internal Revenue Service appears to have embarked on an arbitrary course of conduct in applying and crediting payments.

An example of this misguided application is the IRS Account Transcript for J. Cardenas & Sons Farming, Inc. for the tax period ending December 1993, attached as Exhibit B. The issues presented in this transcript appear to be representative of the IRS account transcripts for Plaintiffs.

The aforementioned transcript indicates an initial tax liability of $52,098.17. It then lists tax deposits and various assessments. Proceeding chronologically through the transcript, the payments and credits exceed the assessments and other liabilities by $217.39 as of December 27, 1994. Rather than closing this account and refunding $217.39 to J. Cardenas & Sons Farming,

Inc or applying $217.39 to a different tax period, the account remained open. On January 30, 1995 a penalty of $105.18 and interest of $112.21 are assessed, bringing the account balance to zero. It is illogical and arbitrary for a penalty or interest to be assessed in an account where the credits exceed the liabilities.

Similarly, on March 20, 1995, there was a levy of $135.42 and a matching fictional interest of $135.42 assessed on April 17, 1995. It is illogical or perhaps arbitrary both for funds to be levied and for interest to be assessed when the account balance was zero. Then, on June 6, 1996, a penalty of $4,589.99, an additional tax of $45,899.98 and interest of $10,187.32 were assessed. These represent another illogical assessment against Plaintiff J. Cardenas & Sons Farming, Inc.

Due to the assessment of these additional taxes and penalties, additional payments by Plaintiff J. Cardenas & Sons Farming, Inc are applied to this account until January 31, 2000, when the account balance is again at zero. The next entries are overpayment credits of $6,638.09 and $21.25 and an accompanying penalty of $6,659.34, again bringing the account balance to zero. Such an overpayment credit should have been refunded to Plaintiff or applied to a different tax period. Instead, another illogical or arbitrary failure to pay penalty being assessed to return the account balance to zero.

The remainder of the transcript follows a similar pattern, except that all but one of the credits are subsequent payments. These payments should have been credited to an account where Plaintiff owed money or refunded. Instead, each payment is then offset by an accompanying arbitrary penalty and/or interest assessed.

This illogical or perhaps arbitrary application of payments has resulted in differing understandings of the facts of this case between Plaintiffs and Defendant. It is these differing understandings and Defendant's confusion over the application of 2006 payments that have

resulted in Defendant's Motion to Dismiss. In light of these facts, Defendant's motion is untenable.

As noted in Plaintiff's Objection To Defendant's Motion For Enlargement of Time, Plaintiffs' counsel have been in regular contact with Defendant's counsel in an effort to resolve this matter or, at least, facilitate a mutual understanding of the facts. However, Defendant's counsel has either disregarded or refused to make use of the records provided by Plaintiffs' counsel. Defendant's counsel has also consistently postponed any discussion about the substance of Plaintiffs' claims. Such a discussion would have helped Plaintiffs understand how their payments are being applied and helped Defendant to understand the timeliness of Plaintiffs' claims for refund.

## DISCUSSION OF DEFENDANT'S SPECIFIC CLAIMS

### The 2000 tax year for J. Cardenas & Sons Farming, Inc.

On April 24, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. On May 23, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of these payments as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff J. Cardenas & Sons Farming, Inc. then filed a claim for refund for the 2000 tax year for Plaintiff J. Cardenas & Sons Farming, Inc. for $3,050.94 on or about September 1, 2006. (See Exhibit 3 to Declaration of Steven Pybrum.)

Rather than apply the April 24, 2006 payment to an alleged liability for the 2000 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J.

Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

Rather than apply the May 23, 2006 payment to an alleged liability for the 2000 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1995 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., which had a balance of zero at that time. (See attached Exhibit D.)

**The 1993 tax year for Rio Vista Corporation**

While the IRS Account Transcript for the 1993 tax year for Rio Vista Corporation indicates an abatement in the amount of $1,038.34 on December 11, 2006, the transcripts indicate a corresponding assessment of interest on the same date, bringing the account balance to zero. Therefore, if there was any abatement given, it clearly provided no benefit to Plaintiff Rio Vista Corporation. Thus, Plaintiff Rio Vista Corporation filed a claim for refund for payments made for the 1993 tax year.

On April 24, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of this payment as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff Rio Vista Corporation then filed a claim for refund for the 1993 tax year for Rio Vista Corporation for $9.64 on or about September 1, 2006. (See Exhibit 4 to Declaration of Steven Pybrum.)

Rather than apply the April 24, 2006 payment to an alleged liability for the 1993 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

**The 1997 tax year for Rio Vista Corporation**

On April 24, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of this payment as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff Rio Vista Corporation then filed a claim for refund for the 1997 tax year for Rio Vista Corporation for $51.84 on or about September 1, 2006. (See Exhibit 4 to Declaration of Steven Pybrum.)

Rather than apply the April 24, 2006 payment to an alleged liability for the 1997 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

**The 1999 tax year for Rio Vista Corporation**

On April 24, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of this payment as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff Rio Vista Corporation then filed a claim for refund for the 1999 tax year for Rio Vista Corporation for $1,529.20 on or about September 1, 2006. (See Exhibit 4 to Declaration of Steven Pybrum.)

Rather than apply the April 24, 2006 payment to an alleged liability for the 1999 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

**The 2001 tax year for Rio Vista Corporation**

On March 21, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. On April 24, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of these payments as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff Rio Vista Corporation then filed a claim for refund for the 2001 tax year for Rio Vista Corporation for $11,685.81 on or about September 1, 2006. (See Exhibit 4 to Declaration of Steven Pybrum.)

Rather than apply the March 21, 2006 payment to an alleged liability for the 2001 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

Rather than apply the April 24, 2006 payment to an alleged liability for the 2001 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

**The 2002 tax year for Rio Vista Corporation**

On February 22, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. On March 21, 2006, Plaintiffs paid the United States Treasury $8,000.00 as part of the installment agreement with the IRS. Plaintiffs intended for as much of these payments as necessary to be applied to their most recent alleged outstanding tax liability. Plaintiff Rio Vista Corporation then filed a claim for refund for the 2002 tax year for

Rio Vista Corporation for $4,853.32 on or about September 1, 2006. (See Exhibit 4 to Declaration of Steven Pybrum.)

Rather than apply the February 22, 2006 payment to an alleged liability for the 2002 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

Rather than apply the March 21, 2006 payment to an alleged liability for the 2002 tax year for Rio Vista Corporation, the IRS account transcripts indicate that the payment was arbitrarily applied to the account liability for the 1998 tax year for Plaintiff J. Cardenas & Sons Farming, Inc., for which the only balance was for penalties and additional taxes assessed after the account had a balance of zero. (See attached Exhibit C.)

**The Claim for Refund for Juan and Graciela Cardenas**

On September 25, 2007, after the original Complaint was filed in this action, the Defendant's Internal Revenue Service wrongfully issued a levy action against Plaintiffs, individuals, pursuant to 26 U.S.C. § 6672, the "responsible officer penalty," while this action was pending and during the pendency of an installment agreement entered into between the parties. Plaintiffs then filed an Amended Complaint on November 7, 2007 and a Second Amended Complaint on January 25, 2008 pursuant to court order, adding Juan and Graciela Cardenas as plaintiffs and requesting the additional refund/abatement of these penalties assessed through the levy action.

This additional request for relief for Plaintiffs Juan and Graciela Cardenas involves payments relating to the same underlying tax liability set forth in the original complaint, which

payments were collected through improper levy action by Defendant's Internal Revenue Service, as described in Plaintiff's Opposition to Defendant's Motion for More Definite Statement.

## ARGUMENT

### I

### ALL OF PLAINTIFFS' CLAIMS FOR REFUND COMPLY WITH 26 U.S.C. § 6511(a); THEREFORE, THIS COURT HAS JURISDICTION OVER ALL THE TAX YEARS INVOLVED IN THIS SUIT

Plaintiffs agree with Defendant that under 26 U.S.C. § 7422(a) claims for refund must be "duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). Plaintiffs also agree with Defendant that pursuant to 26 U.S.C. § 6511(a), claims for refund must "be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. § 6511(a). As described in detail above, each of the claims for refund in this case, including all of those cited by Defendant in its Motion to Dismiss in Part, were filed within 2 years from the time the tax was paid. Therefore, this court has jurisdiction over all the tax years involved in this lawsuit, and Defendant's motion must be denied.

### II

### THIS COURT HAS JURISDICTION OVER THE ALLEGATIONS IN COUNT III OF THE SECOND AMENDED COMPLAINT BECAUSE THOSE ALLEGATIONS RELATE TO THE SAME UNDERLYING TAX IN DISPUTE IN THIS CASE.

The initial tax liability in dispute in this case and the I.R.C. § 6672 penalty assessed against Plaintiffs Juan and Graciela Cardenas are, in effect, the same tax. Substantial authority supports this position. Dispositive in this case is a United States Court of Claims case *Gens v.*

*United States*, 222 Ct. Cl. 407 (1980), which states that the government is entitled to only one satisfaction of the payroll tax liability, including through the use of the Section 6672 penalty. This, in effect, makes the Section 6672 penalty and the underlying payroll tax the same tax.

In addition to the *Gens* case and similar cases in other courts, the Internal Revenue Manual repeatedly comes to the same conclusion that the government cannot collect more than the amount of the underlying tax liability. See I.R.M. 4.24.9.5 (stating that it is not the policy of the Service to collect more than the amount of the underlying tax.); I.R.M. 4.23.9.13 (repeating the Service's policy to "collect the full tax only once."); I.R.M. 1.2.14.1.3 (asserting that the tax "will be collected only once, whether from the business, or from one more of its responsible persons.") (Copies of the aforementioned Internal Revenue Manual provisions are attached hereto respectively, as Exhibits E, F, and G.) As the underlying tax liability is under dispute in the pending litigation and as the taxpayer is currently paying that liability, the levy under Section 6672 against the taxpayer was inappropriate, as stated in our Opposition to the Motion for More Definite Statement. It is taxpayer's position that 26 U.S.C. §§ 6331(i) and 6331(k) have been violated. Consequently, collection action such as levies should not occur.

//

//

//

//

//

//

//

//

**CONCLUSION**

The Defendant's motion is without merit and demonstrates a fundamental misunderstanding of the facts involved in this case. Defendant should be ordered to answer Plaintiff's Second Amended Complaint.

Dated: March 3, 2008

MARTIN A. SCHAINBAUM
A Professional Law Corporation

s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM, Esq.