# Exhibit E

(1) When a taxpayer refuses to file a delinquent Form 11-C, determined to be due during an examination, the Examiner will prepare a return under authority of *IRC Section 6020(b)* on Form 1-C showing the delinquent taxes due.

(2) The words "Delinquent" and "*IRC Section 6020(b)*" should be imprinted on the return.

(3) Since the return is being filed under protest, the Examiner will immediately establish NMF-AIMS control and give the taxpayer appeal rights.

(4) If the taxpayer does not wish to protest, Master file/AIMS control should be established and the return processed per IRM 4.4.9.5.

(5) The temporary NMF-AIMS control previously established must be closed upon disposition of the case file from the group.

(6) This is accomplished by preparing and processing Form 110904, Examination Non-examined Closing, with Disposal Code 28. See IRM 4.4.21.2.2.3.

(7) If the taxpayer protests to Appeals, the return and case file will be closed to the Appeals Office using NMF-AIMS.

(8) If the tax determined by the Compliance examination function is sustained in full, Appeals will forward the *IRC Section 6020(b)* return for processing.

(9) If the tax liability is increased or decreased by Appeals, Appeals will prepare and submit a new *IRC Section 6020(b)* return for processing.

(10) In all situations, Appeals will close the case NMF-AIMS. This applies even if Appeals determines that there is no tax liability and no return due.

**4.24.9.3.4 Penalty on Timely But Unsigned Return (02-01-2003)**

(1) See IRM 20.1.2, Penalty Handbook.

**4.24.9.3.5 Failure to Make Deposits Penalty (02-01-2003)**

(1) See IRM 20.1.4, Penalty Handbook.

**4.24.9.3.6 Negligence Penalty (02-01-2003)**

(1) See IRM 20.1.5.7, Penalty Handbook.

**4.24.9.4 Fraud Penalties (02-01-2003)**

(1) See IRM 20.1.5.12, Penalty Handbook.

(2) When badges of fraud are present in a delinquent tax case and a determination has been made to refer the case to Criminal Investigation, AIMS controls should be established using Push Code 037.

**4.24.9.5 Procedures for Asserting the Trust Fund Recovery Penalty in Collected Tax Cases (*IRC Sections 4251*, 42261 and 4271) (02-01-2003)**

(1) *IRC Section 6672* provides for a 100 percent penalty for the willful failure to collect, truthfully account for, and pay over tax when required. This penalty is used solely as a collection device against collecting agents and their responsible officers.

a. It is equal to the amount of tax not collected or paid over.

b. "Willfulness" is construed to be the attitude of a person who, having a free will or choice, either intentionally disregards the law or is plainly indifferent to its requirements. See IRM 25.1.1 for guidelines on what constitutes "willfulness."

c. Willfulness will be determined for each issue raised in the examination.

d. Examples of willfulness as it applies to excise tax:

-- Where a taxpayer failed to collect, account for, and pay over taxes on those issues where there had been a prior period determination that the taxpayer was required to collect, account for, and pay over such taxes.

-- In cases where the taxpayer has already collected taxes but has not paid over those taxes, willfulness applies.

(2) The *IRC Section 6672* Penalty case developed by the Examiner is referred to the area office collection function for final determinations to be made and the penalty collected.

(3) A consent extending the period of limitation for assessment under *IRC Sections 4251*, 4261, or 4271 does not extend the period for making a separate assessment against the collector under *IRC 7501* or 6672. See IRM 25.6.22.

a. Consents under *IRC Sections 4251*, 4261, and 4271 are secured from the actual taxpayer. Form 872-B, Consent to Extend the Time to Assess Miscellaneous Excise Taxes, is used.

b. Consents under *IRC Section 7501* are secured from the collector. Form 872-B is used.

c. For assessments under *IRC 6672*, Form 2750, Waiver Extending Statutory Period for Assessment of Trust Fund Recovery Penalty, is used.

(4) If a collecting agent has collected tax from its customers, but failed to pay the tax to the Government, the following procedures will apply:

a. The tax should be assessed against the collecting agent under *IRC Section 7501(a)*, with any applicable delinquency penalties and interest. The IRM Section 6672 penalty should not be assessed against the agency, even if the agency willfully failed to pay the tax, since the penalty is used solely as a collection device.

b. If the collecting agent is unable to pay the tax, the Examiner should determine if there was a willful failure to pay on the part of any of the responsible officers. If so, the penalty should be assessed against the responsible officers.

(5) If a collecting agent has failed to collect tax from its customers, the tax, by law, cannot be assessed against the collecting agent except in *IRC Section 4261* cases after October 1, 1977 where *IRC Section 4263(c)* applies. Therefore, if there was willful failure on the part of collecting agent or its officers to collect the tax, the *IRC Section 6672* penalty is applicable and should be assessed.

(6) If the collecting agent and one or more responsible officers willfully failed to collect or pay the tax, separate assessments of the penalty can be made against each responsible person with respect to the same tax.

(7) It is not the policy of the Service, however, to collect more than the amount of tax that should have been collected. Where more than one penalty has been assessed with respect to the same tax, any outstanding assessments will be adjusted accordingly once the tax has been paid.

(8) In cases involving partnerships, the penalty will not be assessed against the partners, since an assessment against the partnership makes the partners individually liable.

**4.24.9.5.1 Alternative for Collecting Tax from Actual Taxpayer (02-01-2003)**

(1) The collecting agent may prefer to pay an amount equal to the taxes it failed to collect in lieu of having the Service assert the taxes directly against its customers or assessing the *IRC Section 6672* penalty.

(2) If so, the collecting agent voluntary payment will be accepted, whether or not the failure to collect the tax was willful.

(3) Per Policy Statement P-4-104 (See IRM 1.2.1.4.32 and Exhibit 4.24.9-1), the following procedures will apply:

a. The Agent's voluntary payment will be accepted.
b. An agreement will be obtained.
c. A waiver as shown in Exhibit 4.24.9-1 will be obtained.
d. Delinquency penalties do not apply.
e. An assessment in lieu of the tax will be made only after payment has been received.

**4.24.9.6 Penalty for Filing Excessive Refund Claims with Respect to Use of Certain Fuels (02-01-2003)**

(1) *IRC Section 6675* provides an assessable penalty against a person making an excessive claim under *IRC Sections 6420*, 6421 or 6427 with respect to: gasoline used on farms; gasoline used for certain non-highway purposes or by local transit systems, or fuels not used for taxable purposes.

(2) The penalty is equal to the greater of: two times the excessive amount, or $ 10.00.

(3) In addition, if the excessive amount claimed has been refunded, that amount is assessable under *IRC Section 6206*.

(4) The penalty does not apply to an excessive credit taken on Form 4136, Credit for Federal Tax Paid on Fuels, an income tax return.

(5) Where a taxpayer is entitled to file a quarterly claim, the penalty may apply to any excessive payment on a quarterly claim.

(6) The Examiner who finds that a claim of this type is excessive should recommend assertion of the penalty provided by *IRC Section 6675*, unless the claimant can show to the Examiner's satisfaction that the claim for the excessive amount was due to a reasonable cause.

(7) The determination as to whether the penalty provided by *IRC Section 6675* should be imposed will be made by the Compliance examination function in the same manner as on other issues, subject to the established quality review and appeals procedure.

**4.24.9.7 Cases Involving Possible Criminal Proceedings (02-01-2003)**