# Exhibit F

for each incorrect information return or statement with a maximum penalty of $ 100,000 per year. The $ 100,000 maximum does not apply in cases of intentional disregard.

(2) The information reporting requirements specified for this purpose include any requirement to include a correct taxpayer identification number on a return or statement and any requirement to furnish a correct taxpayer identification to another person.

**4.23.9.13 Trust Fund Recovery Penalty (03-01-2003)**

(1) *Section 6672 of the Internal Revenue Code*, the Trust Fund Recovery Penalty, formerly, the 100 percent penalty, in relevant part, provides:

a. "General Rule." Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable for a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under *IRC section 6653* or part II of Subchapter A of chapter 68 for any offense to which this section is applicable.

(2) The purpose of section 6672 is to encourage the prompt payment of withheld and other collected taxes, and to provide the Service with a secondary source of collection in the event that these taxes are not paid. The withheld taxes are commonly referred to as "trust fund taxes," reflecting the Code's provision that such withholdings or collections are deemed to be a "special fund in trust for the United States." See *IRC section 7501*; *Slodov v. United States, 436 U.S. 238 (1978)*. When the trust fund taxes are not paid by the corporation, the Trust Fund Recovery Penalty may be assessed against the responsible officers for willful failure to collect or pay over the taxes. Section 6672 only applies to persons responsible for collection of these trust fund taxes. See Slodov at p243; S.Rep. No. 1622, 83rd Cong., 2d Sess., 586 (1954); H.R. Rep. No. 1337, 83rd Cong., 2d Sess., A420 (1954).

(3) The Service's policy is to collect the full tax only once, from the corporation or from one or more of the responsible officers. Policy Statement P-5-60 provides:

a. The Trust Fund Recovery Penalty [applicable to withheld income and employment (social security, medicare and railroad retirement) taxes or collected excise taxes] will be used only as a collection device. The withheld income and employment taxes or collected excise taxes will be collected only once, whether from the corporation, from one or more of its responsible persons, or from the corporation and one or more of its responsible persons.

(4) Section 6672 does not prohibit the assertion of the Trust Fund Recovery Penalty against responsible officers where the addition to the tax for fraud is asserted against the corporation. Section 6672 only bars the assertion of the fraud penalty against a responsible officer liable for the Trust Fund Recovery Penalty. The fraud penalty applies to any underpayment of tax and can be asserted against the corporation for any fraudulent acts, including the trust fund liability, of its officers acting on its behalf.

**4.23.9.13.1 Trust Fund Recovery Penalty Procedures (03-01-2003)**