MARTIN A. SCHAINBAUM, Esq. (CSB # 37257)
STEPHEN DeROSA, Esq. (CSB # 245336)
BRYANT W.H. SMITH, Esq. (CSB # 250035)
Martin A. Schainbaum, A Professional Law Corporation
351 California Street, Suite 800
San Francisco, CA 94104-2406
Telephone: (415) 777-1040
Fax: (415) 981-1065
E-mail: schainbm@taxwarrior.com

Attorneys for Plaintiffs
J. Cardenas & Sons Farming, Inc.
Rio Vista Corporation,
Juan Cardenas, and Graciela Cardenas

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-350 T<br><br>**SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT** |

| | |
|---|---|
| RIO VISTA CORPORATION, JUAN CARDENAS and GRACIELA CARDENAS<br><br>v.<br><br>THE UNITED STATES | No.: 07-351 T<br><br>**SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS IN PART PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Plaintiffs reassert their request that this Court deny the motion of the Defendant United States to dismiss in part Plaintiffs' Second Amended Complaint as being untimely. Plaintiffs'

reply to Defendant's motion to dismiss is due by March 28, 2008. Plaintiffs, therefore offer this Supplement to Plaintiffs' Opposition to Defendant's Motion to Dismiss in Part Plaintiffs' Second Amended Complaint ("Supplement") as additional support for their position that Defendant's motion is without merit.

**Statement**

As described in Plaintiffs' Opposition to Defendant's Motion to Dismiss in Part Plaintiffs' Second Amended Complaint ("Opposition"), Defendant misunderstands the facts of this case. Plaintiffs' good faith actions in attempting to resolve any tax liability they may owe has been met with arbitrary and capricious responses by Defendant's Internal Revenue Service ("IRS").

After filing their Opposition, Plaintiffs received further evidence of this capriciousness in the form of notices addressed to Plaintiff Juan Cardenas and Plaintiff Graciela Cardenas, copies of which are hereto attached as Exhibit 1. These notices, dated March 10, 2008, admit an overpayment of civil penalties for the tax year ending December 31, 1999 of $24,036.90. Plaintiffs are notified that this overpayment of tax is being applied to a civil penalty for the tax period ending December 31, 2001.

These notices constitute an implicit admission that Plaintiffs' refund suit was timely brought. 26 U.S.C. section 6511(b) states that "[n]o credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in [section 6511] subsection (a)." That period, as stated in Defendant's motion is 3 years from the time the return was filed or 2 years from the time the tax was paid. The IRS is now giving Plaintiffs a credit for $24,036.90, which, pursuant to 26 U.S.C. section 6511(b) can only be given 3 years from the time the return was filed or 2 years from the time the tax was paid. Plaintiffs' 1999 tax return was filed over 3 years ago. Therefore, these notices constitute an admission that payments of at least $24,036.90 were

made within the last 2 years for the tax year ending December 31, 1999. As these payments were classified as civil penalties, they relate to Plaintiff Rio Vista Corporation, as Defendant's Internal Revenue Service's account transcripts indicate no outstanding tax liability for any of the other Plaintiffs in that tax year. In its motion to dismiss, Defendant claims that the most recent payments made for the tax year 1999 Rio Vista Corporation account were made on January 23, 2000. The Internal Revenue Service's admission of an overpayment and a credit for payments made within the last 2 years for that account explicitly contradict this claim by Defendant.

The IRS notices also constitute an implicit admission that Plaintiffs' payments have been allocated arbitrarily. The notices refer to $24,036.90 as both a civil penalty and an overpayment of tax. By so designating those payments, the IRS acknowledges that payments were applied to accounts beyond the total liability of those accounts, resulting in overpayments. The designation of the payments as being for civil penalties when the account seems to have a zero balance also calls into question the method by which penalties have been assessed against Plaintiffs.

The notices further demonstrate that the IRS is perfectly capable of recognizing an overpayment of tax for one tax period and applying it to another tax period where there may be an outstanding tax liability. This reinforces Plaintiffs' argument in their Opposition that the IRS could have and should have allocated Plaintiffs' payments to any of Plaintiffs' alleged outstanding tax liabilities rather than to accounts where IRS records indicate zero liability.

Further, the notices use the arbitrary numbers $8,036.90 and $16,000. None of Plaintiffs' payments have been for $8,036.90. As Plaintiffs have made monthly payments of $8,000 for several years, the $16,000 presumably refers to two of these payments. However, there is no indication as to which monthly payments the notices may be referring, as further evidence of Defendant's Internal Revenue Service's capricious and arbitrary conduct in applying payments.

## Conclusion

Defendant's Motion to Dismiss is without merit and the notices recently sent to Plaintiffs Juan and Graciela Cardenas confirm the allegations of Plaintiffs' Opposition to that motion. Defendant has still failed to answer Plaintiffs' original complaints and continues to postpone any discussion of the merits of Plaintiffs' claims. This Court should not allow Defendant to continue on a dilatory strategy of postponement. It follows from the discussion set forth in Plaintiffs' Opposition and this supplemental response that Defendant's motion to dismiss should, therefore, be denied.

Dated: March 13, 2008

MARTIN A. SCHAINBAUM
A Professional Law Corporation

s/ Martin A. Schainbaum
MARTIN A. SCHAINBAUM, Esq.