# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**J. CARDENAS & SONS FARMING, INC., JUAN CARDENAS AND GRACIELA CARDENAS,** *

Plaintiffs, *

v. * No. 07-350T

**THE UNITED STATES,** * (Filed May 5, 2008)

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**RIO VISTA CORPORATION, JUAN CARDENAS AND GRACIELA CARDENAS,** *

Plaintiffs, *

v. * No. 07-351T

**THE UNITED STATES,** *

Defendant. *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Pursuant to the order entered on April 25, 2008, the parties submitted supplemental charts in aid of their respective arguments on defendant's motion to dismiss. The principal issue is whether plaintiffs made timely partial payments that entitle them to sue for the tax year 2000 for plaintiff J. Cardenas & Sons Farming, Inc. and tax years 1997, 1999, 2001, and 2002 for plaintiff Rio Vista Corporation. (The reasons that compel denial of defendant's motion with respect to the foregoing tax years counsel that ruling should be deferred on defendant's motion with respect to the abatement defense in connection with the 1993 tax

year for Rio Vista Corporation and the premature nature of any claim for refund of plaintiffs Juan and Graciela Cardenas.)

Although defendant insists that it has provided presumptive evidence that the last payments for the affected years occurred prior to 2005, two years before suit was filed in 2007, plaintiffs have submitted canceled checks for all payments that they take the position should have been credited with respect to any deficiencies in the accounts of the corporate plaintiffs for the years in question. Defendant has not produced any accounting data that correlate outstanding balances on these taxpayers' accounts with the check payments. Defendant suggests that the checks may have been applied to taxes due for subsequent tax years. Defense counsel has not spoken with the Internal Revenue Service about this accounting. The court appreciates that defendant was responding to plaintiffs' arguments concerning four payments and that plaintiffs now have provided canceled checks for all payments on account. However, defendant's charts reflect payments beyond the four in question, as well.

Plaintiffs represent that their action is in the nature of an accounting, *i.e.*, they want to pay all outstanding tax liabilities for the tax years in question. Given the evidence that they have submitted of payments, they are entitled to an intelligible accounting. The Forms 4340 on file do not reflect such an accounting. Accordingly,

**IT IS ORDERED**, as follows:

1. Defendant's motion to dismiss is denied without prejudice to renewal at the termination of the parties' endeavors to resolve all accounting issues. Defendant invoked the presumption of correctness for Certificates of Assessments, Payments, and Other Specified Matters; however, those on record do not reflect the application of all payments made by plaintiffs to outstanding tax deficiencies of the two corporate plaintiffs.

2. By no later than July 18, 2008, the Internal Revenue Service shall deliver to defense counsel for submission to plaintiffs an official accounting of all payments by check evidence of which plaintiffs have submitted. The accounting shall list the name of the corporation, the amount and nature of tax liability, the date of credit for each cancelled check provided by plaintiffs, the running balance due on tax liability, any new or accruing assessments that affect the balance, the date on which the liability reflected a zero balance, and any other information that would tend to show the latest date on which a payment was made for an outstanding tax liability for either corporation involved in these refund suits.

3. By August 4, 2008 defendant shall file, on behalf of the parties, a Joint Status Report on the accounting. Defendant will advise whether it renews its motion to dismiss in whole or in part.

4. The court encourages the parties to work together to resolve what appear to be issues of accounting. Plaintiffs have expressed willingness to pay outstanding tax liabilities for the affected years. Given this commitment and the conclusory records provided by the Internal Revenue Service to date, the court considers that the interests of efficient administration of justice will be best served by ruling on an accurate and updated accounting.

s/ Christine O.C. Miller

_________________________________

**Christine Odell Cook Miller**
Judge