# In the United States Court of Federal Claims

Nos. 07-350T & 07-351T
(Filed July 13, 2009)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | |
| **J. CARDENAS & SONS FARMING,** | * | Tax; motion to dismiss pursuant |
| **INC.,** | * | to RCFC 12(b)(1), (6); refund of |
| | * | employment taxes imposed on |
| Plaintiff, | * | responsible persons under 26 |
| | * | U.S.C. § 6672 (2006); |
| v. | * | requirement to file claims with |
| | * | Internal Revenue Service as |
| **THE UNITED STATES,** | * | prerequisite to suit in court, 26 |
| | * | U.S.C. § 7422(a) (2006); |
| Defendant. | * | limitations period for filing suit |
| | * | for refund, 26 U.S.C. § 6511(a) |
| * * * * * * * * * * * * * * * * * * * * * | * | (2006). |
| | * | |
| **RIO VISTA CORPORATION**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **THE UNITED STATES**, | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * | * | |

Martin A. Schainbaum, San Francisco, CA, for plaintiffs.

Jennifer Dover Spriggs, Washington, DC, with whom was Acting Assistant Attorney General John A. DiCicco, for defendant.  Assistant Chief, G. Robson Stewart, of counsel.

## MEMORANDUM ORDER AND OPINION

**MILLER**, Judge.

This case is before the court on defendant's partial motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) and for failure to state a claim under RCFC 12(b)(6).  J. Cardenas & Sons Farming, Inc. ("Cardenas"), and Rio Vista Corporation ("Rio Vista") (collectively "plaintiffs") seek a refund of employment taxes paid pursuant to 26 U.S.C. (I.R.C.) § 6672 (2006), for agricultural employees (Form 943) for Cardenas for tax years 1993, 1995, 1998, 2000 and for Rio Vista for tax years 1993, 1996, 1997, 1999, 2001-2003.  Defendant moves to dismiss Rio Vista's claim for tax year 1993 for failure to state a claim and to dismiss Cardenas's claims for tax year 2000 and Rio Vista's tax years 1997, 1999, 2001-2002 for lack of subject matter jurisdiction due to failure to file timely claims.  Argument is deemed unnecessary because the parties' explanations are reducible to explication through charts.

## FACTS

The following facts are drawn from plaintiffs' complaint, the parties' briefs, and the documents attached thereto. 1/

Plaintiffs claim that during the relevant tax years they made regular payments of payroll taxes through Wells Fargo Bank.  In early 2004 plaintiffs first learned that some of the employees at Wells Fargo Bank diverted a portion of their tax payments to a source unsubstantiated by plaintiffs.  Due to the alleged diversion of tax payments, plaintiffs contacted the Internal Revenue Service (the "IRS") inquiring whether they had any outstanding tax liability.  Pls.' Br. filed May 1, 2009, at 2.  Although the record does not reveal what communications, if any, plaintiffs had with the IRS regarding their tax liability, plaintiffs, by Juan and Graciela Cardenas, signed on November 23, 2004, an installment agreement (Form 433-D) with the IRS stipulating to a "10 month installment agreement all inclusive, Rio Vista Inc 77-0332175 & J Cardenas & Sons Inc.  The payments to be applied to the oldest periods first.  Full payment due September 30, 2005.  Seizure to follow if you default." Pls.' Br. filed May 1, 2009, at Ex. B (This information is listed under the box heading "Additional Conditions/Terms (To be completed by IRS.")).  Juan and Graciela Cardenas,  owners of the farming company, were dismissed from these actions by Order entered on April 3, 2009.

The tax periods listed in the installment agreement are 1993, 1995-2001, and 2003, and the employer identifications numbers are 77-0332175 (Rio Vista as identified in Third

---

1/  In evaluating a motion made pursuant to RCFC 12(b)(1), the court can go beyond the pleadings to determine whether jurisdiction exists.  Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

Am. Compl. ¶ 18) and 77-0121198 (Cardenas as identified in Third Am. Compl. ¶ 2). The copy of the installment agreement submitted by plaintiffs was not signed by the IRS. The installment agreement contains two handwritten amendments, initialed by Juan and Graciela Cardenas, stipulating that the penalties are disputed.

Cardenas states that, as of 2004, its employment tax returns (Form 943) estimated the corporation's liability for tax years 1993, 1995, 1998, 2000 as $219,967.00; Cardenas estimated that it had paid a total of $253,118.37 in employment taxes; and the IRS's records reflect that Cardenas paid a total of $245,888.89. Similarly, Rio Vista's tax returns (Form 943) calculated its total liability for tax years 1993, 1996, 1997, 1999, 2001-2003 as $782,276.59; corporate records estimated that it paid $744,776.48 in employment taxes; and the IRS recorded total payments as $456,769.55.

Plaintiffs assert that, pursuant to the installment agreement, they paid "at least $340,000" in tax liabilities, penalties, and interest between the periods of August 2004 and early 2009. Pls.' Br. filed May 1, 2009, at 4, Ex. B at E27. Plaintiffs claim that they directed payments to be applied to the "tax for the earliest period," not to penalties or interest. Id. at 4, Ex. C at E30 (a "sample" letter from Martin A. Schainbaum, Esq. (plaintiffs' counsel of record), to the IRS). Plaintiffs maintain that they expected that any payments submitted without explicit instructions would be applied according to the terms of the installment agreement.

Contrary to their expectations, the IRS unilaterally misapplied plaintiffs' payments, thereby causing plaintiffs to incur deficiencies, penalties, and interest. It is plaintiffs' position that the IRS's erroneous application of plaintiffs' payments, coupled with the "embezzlement/diversion of payments by [p]laintiffs' then-bookkeeping service and [] Wells Fargo Bank employee(s), agent(s), or representative(s)" absolve plaintiffs of their duty to pay all or some of the penalties and interest assessed against them. Pls.' Br. filed May 1, 2009, at 4-5.

On or about September 10, 2006, Cardenas submitted a Claim for Refund and Request for Abatement (Form 843) seeking refunds in the amounts of $909.70, $4,857.50, $708.58, and $3,050.34 for tax years 1993, 1995, 1998, and 2000, respectively. Third Am. Compl. ¶¶ 11-14; see also Decl. of Steven Pybrum, C.P.A., Mar. 1, 2008, ¶ 4 (date not on the forms but sworn to in declaration). On or about September 1, 2009, Rio Vista submitted Form 843 to the IRS seeking refund for tax periods 1993, 1996, 1997, 1999, and 2001-2003 in the amounts of $9.64, $9.64, $51.84, $1,529.20, $11,685.81, $4,853.32, and $3,784.21, respectively. Am. Compl. ¶¶ 27-33; see also Pybrum Decl. ¶ 6 (date not on the forms but sworn to in declaration).

Defendant disputes much of the evidence that plaintiffs submit in support of their claims. According to defendant, the checks submitted by plaintiffs evidencing payment of tax liabilities "consist[] of only <u>four</u> checks" paid on behalf of Cardenas, but not Rio Vista. Def.'s Br. filed May 20, 2009, at 3 (<u>citing</u> Pls.' Br. filed May 1, 2009, at Ex. 1). The checks do not indicate which "tax, period, or taxpayer the payment is for." <u>Id.</u> at 3. The Declaration of Steven Pybrum, C.P.A., Mar. 1, 2008, ¶¶ 3, 5-6, defendant characterizes as  merely providing unsupported assertions that the checks were paid on behalf of both parties and for the tax periods relevant to this litigation. 2/  The installment agreement, moreover, was executed only by Juan and Graciela Cardenas, not Rio Vista, and defendant also contends that plaintiffs have not provided any evidence supporting whether the IRS agreed to the terms of the installment payments.

Defendant shows that the checks issued by plaintiffs that are relevant to this litigation were applied by the IRS to the following taxpayer and tax year:

| Plaintiff | Check Number | Check Date | Check Amount | Tax Year Applied |
|-----------|--------------|------------|--------------|------------------|
| Cardenas | 5524 | 2/22/2006 | $8,000.00 | 1998 |
| Cardenas | 5567 | 3/21/2006 | $8,000.00 | 1998 |
| Cardenas | 5650 | 4/24/2006 | $8,000.00 | 1998 |
| Cardenas | 5733 | 5/23/2006 | $8,000.00 | 1995 |

Def.'s Br. filed May 20, 2009, at 3-4. While not controverting the application of payments, plaintiffs argue that the IRS erroneously applied the payments to the incorrect taxpayer and tax year.

On June 4, 2007, plaintiffs filed Complaint No. 07-350T on behalf of plaintiff J. Cardenas & Sons Farming, Inc, and Complaint No. 07-351T naming Rio Vista Corporation as the sole plaintiff. Both complaints sought a refund/abatement of penalties for employment taxes assessed pursuant to I.R.C. § 6672, which imposes liability on "responsible person[s]" for failure to pay taxes on behalf of a corporate employer.

On November 7, 2007, plaintiffs filed an Amended Complaint in each action that added as individual plaintiffs Juan and Graciela Cardenas. The amended complaints were identical except insofar as ¶ 10 of the Complaint in No. 07-350T names J. Cardenas & Sons Farming, Inc., while ¶ 10 in No. 07-351T names Rio Vista Corporation. Following defendant's motion in each action on November 30, 2007, for a more definite statement

---

2/  In the "memo" section of check numbers 5524, 5567, 5650, and 5733, Rio Vista's and Cardenas's employer identification numbers and Juan Cardenas's and Graciela Cardenas's social security numbers were identified on each check.

under RCFC 12(e), the court consolidated the cases, RCFC 42(a), and ordered that the amended complaint include all information required when pleading a claim for a tax refund, RCFC 9(m).  See Order entered Jan. 14, 2008, at 3, ¶ 1 (order citing former rule (RCFC 9(h)(6)) for tax refund claims).

Plaintiffs filed a Second Amended Complaint on January 25, 2008.  On February 26, 2008, defendant moved to dismiss pursuant to RCFC 12(b)(1).  Briefing was completed on April 16, 2008.  The court denied defendant's motion without prejudice to renewal at the termination of the parties' endeavors to resolve all the accounting issues alleged by plaintiffs.  The court also required that the IRS deliver to defense counsel, for submission to plaintiffs, an official accounting of all payments by check alleged and documented by plaintiffs to help clarify how the payments were applied to plaintiffs' outstanding tax liabilities.  See Order entered on May 5, 2008, at 2.

On November 3, 2008, the court granted defendant's motion to dismiss from the Second Amended Complaint, for lack of subject matter jurisdiction, the claims of the individual plaintiffs Juan and Graciela Cardenas.  The individual plaintiffs had been added to the Second Amended Complaint in contravention of I.R.C. § 6532(a)(1), because they filed their November 7, 2007 amended complaints for refund in the United States Court of Federal Claims earlier than six months after they submitted their claim to the Commissioner of the IRS on December 20, 2007.  On December 12, 2008, the corporate and individual plaintiffs filed their Third Amended Complaint.

On February 10, 2009, defendant filed a partial motion to dismiss plaintiffs' Third Amended Complaint on the same ground as its last motion against the individual plaintiffs for failure to comply with I.R.C. § 6532(a)(1).  The court granted defendant's motion on April 3, 2009, dismissing plaintiffs Juan and Graciela Cardenas (in their individual capacities) from the Third Amended Complaint.

On April 21, 2009, defendant moved partially to dismiss Cardenas's refund claim for tax year 2000, and partially to dismiss Rio Vista's refund claim for tax year 1993 for failure to state a claim, as well as its refund claims for tax years 1997, 1999, 2001-2002, for lack of subject matter jurisdiction.  Briefing was completed on May 20, 2009.

## DISCUSSION

### I.  Standard of review and jurisdiction

Jurisdiction must be established before the court may proceed to the merits of a case.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998).  Any party may challenge,

or the court may raise *sua sponte*, subject matter jurisdiction at any point in a proceeding, even upon appeal.  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).  Once the court's subject matter jurisdiction is put into question, it is "incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction. . . . [The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Reynolds v. Army and Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); see also McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Myers Investigative & Sec. Servs., Inc. v. United States, 275 F.3d 1366, 1369 (Fed. Cir. 2002).  Although federal courts are presumed to lack jurisdiction unless the record affirmatively indicates the opposite. Renne v. Geary, 501 U.S. 312, 316 (1991), the court must accept as true any undisputed allegations of fact made by the plaintiff, see Reynolds, 846 F.2d at 747.

Upon challenge to the court's subject matter jurisdiction, however, it is "incumbent upon [the plaintiff] to come forward with evidence establishing the court's jurisdiction. [The plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." Id. at 748;  see also McNutt, 298 U.S. at 189 (holding that "[i]f [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof").  In its examination of jurisdiction, the court is not limited to the complaint; instead, the  "court may consider relevant evidence in order to resolve the factual dispute."  Reynolds, 846 F.2d at 747; see also Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999)  (holding that "[f]act-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged").

"Because it is a sovereign, the United States may be sued only to the extent that it has consented to suit by statute, and the terms of that consent define the jurisdiction of the court to hear those suits."  Shore v. United States, 9 F.3d 1524, 1525 (Fed. Cir. 1993) (citing United States v. Testan, 424 U.S. 392, 399 (1976)).  The Tucker Act, 28 U.S.C. § 1491(a)(1) (2006), defines the jurisdictional reach of the Court of Federal Claims and "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States, and . . . waives the Government's sovereign immunity for those actions." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); see also Emery Worldwide Airlines, Inc. v. United States, 49 Fed. Cl. 211, 220, aff'd, 264 F.3d 1071, 1080 (Fed. Cir. 2001).  The Tucker Act grants the court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).

Congress has manifested the requisite consent and enacted a money-mandating statute with respect to suits involving the refund of federal tax payments in 28 U.S.C. § 1346(a)

(2006).  In conjunction with the Tucker Act, section 1346(a)(1) establishes jurisdiction in the Court of Federal Claims over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ."  However, pursuant to the Supreme Court's full-payment rule, full payment of all taxes assessed is a jurisdictional prerequisite.  See Flora v. United States, 362 U.S. 145, 177 (1960);  see also Shore, 9 F.3d at 1527 ("The *Flora* full payment rule requires that taxpayers prepay the tax principal before the Court of Federal Claims will have subject matter jurisdiction over their tax refund action under § 1491.");  Rodewald v. United States, 231 Ct. Cl. 962, 963-64 (1982) ("Plaintiff makes the specific request for monetary relief, but does not contend that he has fully paid the taxes.  Until he does so, we cannot hear his claim for a refund.").

    1.  Jurisdiction under I.R.C. §§ 7422(a) and 6511

    A taxpayer seeking refund of unlawfully assessed taxes is required to file a claim for refund with the IRS, pursuant to I.R.C. § 7422(a) before filing suit against the Government.  United States v. Clintwood Elkhorn Mining Co., __ U.S. __, 128 S. Ct. 1511, 1515 (2008).  I.R.C. § 7422(a) (2006), provides:

> No suit prior to filing claim for refund. No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

    Although the Tucker Act generally provides for a six-year statute of limitations, Congress imposed a less liberal limitations period for claims seeking refunds of taxes, I.R.C. § 6511(a) (2006); see Clintwood Elkhorn Mining, 128 S. Ct. at 1515, 1517.  Section 6511(a) mandates that refund suits must "be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ."  These statutes must be read in the conjunctive:  § 7422(a) requires that a refund claim duly is filed before the taxpayer brings suit, and § 6511(a) provides the time frame in which this administrative claim must be filed.  See Clintwood Elkhorn Mining, 128 S. Ct. at 1515.  It is plaintiffs' burden to provide the facts supporting jurisdiction under these statutes.  McNutt, 298 U.S. at 189.

2.  Dismissal of Rio Vista's claims for tax years 1997, 1999, 2001, and
        2002 for lack of subject matter jurisdiction

Defendant submits that the court lacks jurisdiction to entertain Rio Vista's refund claims for tax years 1997, 1999, 2001-2002 because Rio Vista failed timely to file its claims: each claim was filed more than three years after the tax return was filed and more than two years after the most recent tax was paid for the specific tax year.  See I.R.C. § 6511(a). Plaintiffs stipulate to the refund claims dates, and defendant's recompilation of the remaining relevant dates is set forth in the following chart:

| Year | Date Tax Return Filed | Date of Most Recent Payment | Date of Refund Claim |
|------|----------------------|-----------------------------|----------------------|
| 1997 | 1/31/1998 | 5/21/1998 | 9/1/2006 |
| 1999 | 12/16/2001 | 1/3/2000 | 9/1/2006 |
| 2001 | 1/31/2002 | none | 9/1/2006 |
| 2002 | 1/31/2003 | 12/24/2002 | 9/1/2006 |

Def.'s Br. filed Apr. 22, 2009, at 8, Ex. 15 at A77 (1997); Ex. 4 at A25 (1999); Ex. 16 at A91 (1999); Ex. 17 at A97 (2001); Ex. 18 at A107 (2002). 3/

Plaintiffs explain that they issued checks each in the amount of $8,000.00 on April 24, 2006, for tax years 1997 and 1999; on March 21, 2006, for tax year 2001; and on February 22, 2006, for tax year 2002.  Instead of applying the money to Rio Vista for years 1997, 1997, 2001, and 2002, plaintiffs assert that the IRS "arbitrarily applied" the payments to Cardenas for tax year 1998. Pls.' Br. filed May 1, 2009, at 8-10 (citing Ex. 1 at E7-E9 (copy of checks)).  With respect to each year, plaintiffs "intended for as much of th[ese] payments as necessary to be applied, according to the installment agreement and the understanding between the parties, to the earliest alleged outstanding tax liability."  Id. at 8.

The installment agreement submitted by plaintiffs lists Rio Vista's and Cardenas's employer tax identification numbers and lists Juan Cardenas's and Graciela Cardenas's social security numbers.  The document directs that payments are applied to both Rio Vista and Cardenas and that the payments should be applied to "the oldest periods first."  Pls.' Br. filed

_____

3/  Defendant challenge plaintiffs' alleged refund claims dates for failure to substantiate the dates by competent evidence.  The Claim for Refund and Request for Abatement Forms (843) attached to and cited in plaintiffs' brief are undated.  See Pls.' Br. filed May 1, 2009, at 8-11 (citing Ex. 3 at E21 (1997 no date provided); Ex. 4 at E22 (1999 no date provided); Ex. 4 at E23 (2001 no date provided); Ex. 4 at E24 (2002 no date provided)).  Nevertheless, any issue concerning this defect is moot because the unsubstantiated dates are after the expiration of the statute of limitations under § 6511(a).

May 1, 2009, at Ex. B at E27.  Although it appears that the IRS completed the terms of the installment agreement and then submitted it to plaintiffs, plaintiffs tendered a counteroffer through their handwritten amendments of the terms, such as rendering the amount owed as "disputed, including penalties" and adding "as agreed to by parties, penalties in dispute" after the "Amount of Increase (or decrease)" column.  Id.  Plaintiffs, however, have not established that the IRS executed or agreed to the terms of the installment agreement as proposed by plaintiffs.

The faces of the checks themselves do not show that plaintiffs directed payments to a certain entity or a specific tax year.  All the checks cited as payments made for Rio Vista for tax years 1997, 1999, 2001-2002 are signed by Juan Cardenas; the memorandum on the checks contains Rio Vista's and Cardenas's employer tax identification numbers and Juan Cardenas's and Graciela Cardenas's social security numbers; and all the checks are issued by J. Cardenas & Sons Farming, Inc.  Pls.' Br. filed May 1, 2009, Ex. 1 at E7 (check issued Feb. 22, 2006), E8 (check issued Mar. 21, 2006), and E9 (check issued Apr. 24, 2006).  Even if the IRS duly executed the installment agreement, plaintiffs provided no instruction on either the installment agreement or on the checks drawn to the IRS as to how the IRS should apply the payments.  As observed by defendant, plaintiffs cannot "retroactively shift[] payments" in order to establish jurisdiction under I.R.C. §§ 7422(a) and 6511(a).  Def.'s Br. filed May 20, 2009, at 9.

> 3.  Dismissal of Cardenas's claim for tax year 2000 for lack of subject
>             matter jurisdiction

Defendant argues that Cardenas's claim for tax year 2000 similarly should be dismissed because plaintiffs failed to file their Claim for Refund and Request for Abatement (Form 843) within the prescribed limitations period, pursuant to I.R.C. § 6511(a): 1) 2000 tax year return was filed on January 31, 2001, Def.'s Br. filed Apr. 22, 2009, Ex. 1 at A6; 2) most recent tax payment was made on November 19, 2003, id.; and 3) Form 843 for tax year 2000 was filed on October 4, 2006, id. at Ex. 7 at A43.

Plaintiffs contend that they paid the IRS $8,000.00 on April 24, 2006, and on May 23, 2006, "as part of the installment agreement."  Pls.' Br. filed May 1, 2009, at 6, Ex. 1 at E9 (April check), E10 (May check).  Although plaintiffs expected the payments to be applied to tax year 2000, i.e., the year with earliest outstanding tax liability, id. at 7 (citing Def.'s Br. filed May 1, 2009, Ex. 1 at A6), the IRS applied the April 24, 2006 check to Cardenas's 1998 tax year, which had a balance of only "penalties and additional taxes assessed . . . ," and the May 23, 2006 payment for Cardenas's 1995 tax year that allegedly had a "balance of zero at that time," id. at 7 (citing Ex. E at E57).

9

Plaintiffs do not contest that the April 24 and May 23, 2006 checks were applied to Cardenas for tax years 1998 and 1995, respectively. The statute of limitations runs either three years from the date on which the return in question was filed or two years from the date on which the subject tax was paid. In this case plaintiffs neither filed their return within three years of their claim for refund nor within two years of the time the tax was paid. See I.R.C. § 6511(a).

Plaintiffs cannot satisfy the jurisdictional requirement imposed by I.R.C. § 6511(a) by shifting the same payments to satisfy the liabilities of different tax years and taxpayers. Furthermore, plaintiffs' evidence in support of their claim that the IRS misapplied their payments to the incorrect taxpayer and/or incorrect year is belied by the selfsame evidence. Plaintiffs repeatedly submit the same checks as evidence of payment for different taxpayers and tax years. The "memo" lines on checks relevant to defendant's motion display conflicting information. Most of the documents are unsigned or undated, i.e., the installment agreement and all of the forms for Claim for Refund and Abatement. The document that actually reflects plaintiffs' desired application of tax payments is a "sample" cover letter that apparently is a duplicate of a letter submitted to the IRS. Yet, this letter is unsigned, is stamped "received" by plaintiffs, and bears no indication that it was ever mailed to or received by the IRS. See Pls.' Br. filed May 1, 2009, at Ex. 2 at E12.

Plaintiffs have failed to establish the jurisdictional facts in support of their claims. McNutt, 298 U.S. at 189.

II. Failure to state a claim upon which relief can be granted

The court's task in considering a motion to dismiss for failure to state a claim is not to determine whether a plaintiff will ultimately prevail, but "'whether the claimant is entitled to offer evidence to support the claims.'" Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 938 (Fed. Cir. 2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court clarified the standard enunciated in Conley v. Gibson, 355 U.S. 41 (1957), with respect to what a plaintiff must plead to survive a Rule 12(b)(6) motion. 4/ The Court circumscribed the standard, stating: "[A]ny statement revealing the theory of the claim will suffice unless

_____

4/ The Conley standard, abrogated by Twombly, stated "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Twombly retired the literal interpretation of Conley's "no set of facts" language "as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

its factual impossibility may be shown from the face of the pleadings . . . ." Twombly, 550 U.S. at 561; see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1356 n.4 (Fed. Cir. 2007) (Dyk, J., dissenting). Accordingly, the court must assess whether the complaint adequately states a claim and whether plaintiffs can allege any facts that, if proven, would entitle them to the relief sought. See Twombly, 550 U.S. at 563; McZeal, 501 F.3d at 1361-62; see also May v. United States, 293 Fed. App'x 775, 2008 WL 4097476, at * 2 (Fed. Cir. Sep. 4, 2008) (per curiam) (stating that factual allegations in complaint did not rise to level of cognizable claim against Government).

Although plaintiffs' factual allegations need not be "detailed," they "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citation omitted). The court thus "'accept[s] as true all factual allegations in the complaint, and . . . indulge[s] all reasonable inferences in favor of the non-movant,'" to evaluate whether plaintiffs have stated a claim upon which relief can be granted. Chapman Law Firm, 490 F.3d at 938 (omission in original) (quoting Sommers Oil Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001)).

Rule 12(b)(6) authorizes the defendant to move, before filing a responsive pleading, for dismissal of the complaint. A motion made under Rule 12(b)(6) challenges the legal theory of the complaint, not the sufficiency of any evidence that might be adduced. The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail and thus to spare litigants the burdens of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

Defendant argues that Rio Vista's 1993 tax refund claim should be dismissed for failure to state a claim because Rio Vista "failed to establish that the amount sought in the 1993 claim for refund was not previously refunded or abated." Def.'s Br. filed Apr. 22, 2009, at 8. Defendant challenges plaintiffs to provide any facts supporting their claim that the $9.43 sought for tax year 1993 was not included in the $1,038.34 "failure to pay tax penalty" abatement that Rio Vista received on December 11, 2006, for tax year 1993. Def.'s Br. filed Apr. 22, 2009, at 8, Ex. 2 at A16.

Plaintiffs do not counter defendant's argument or controvert its evidence that the amount sought for Rio Vista's 1993 tax year was included in the $1,038.34 abated on December 11, 2006. Plaintiffs repeat their prior incantations that the IRS misapplied the April 24, 2006 check to Cardenas's 1998 tax year, which allegedly was intended for Rio Vista's 1993 tax year. Therefore, plaintiffs cannot overcome defendant's 12(b)(6) motion when they have not submitted factual allegations that raise their "right to relief above the speculative level." Twombly, 550 U.S. at 555.

11

## CONCLUSION

Accordingly, based on the foregoing,

**IT IS ORDERED**, as follows:

1.  Defendant's partial motion to dismiss for lack of subject matter, pursuant to RCFC 12(b)(1), for claims relating to tax year 2000 for J. Cardenas & Sons Farming, Inc., and tax years 1997, 1999, 2001, and 2002 for Rio Vista Corporation, is granted.

2.  Defendant's partial motion to dismiss for failure to state a claim, under RCFC 12(b)(6), tax year 1993 for Rio Vista Corporation, is granted.

3.  The parties shall file a Joint Status Report by July 30, 2009, proposing a course of further proceedings for the remaining tax years in the Third Amended Complaint – Cardenas for tax years 1993, 1995, and 1998 and Rio Vista for tax years 1996 and 2003.

s/ Christine O.C. Miller
_____
**Christine Odell Cook Miller**
Judge